FILED
U.S. DISTRICT

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK 2013 MAY -7  PM 1: 34

S.D. OF N.Y.

| | |
|---|---|
| MICHAEL GOLDEMBERG, on behalf of themselves and all others similarly situated,<br><br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br><u>DEMAND FOR JURY TRIAL</u><br><br>**ECF CASE**<br><br>**13 CV 3073**<br><br>JUDGE BRICCETTI |

Plaintiff Michael Goldemberg ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned counsel, alleges the following based upon his own personal knowledge and the investigation of his counsel.

## NATURE OF THE ACTION

1.     This is a proposed class action against Johnson & Johnson Consumer Companies, Inc. ("Defendant") for misleading consumers about the nature of the ingredients of its personal care products sold under the Aveeno brand name, namely,

- Aveeno Active Naturals Creamy Moisturizing Oil with Natural Colloidal Oatmeal and Pure Oat Oil;
- Aveeno Active Naturals Therapeutic Shave Gel with Natural Colloidal Oatmeal;
- Aveeno Active Naturals Positively Smooth Shave Gel with Natural Soy;
- Aveeno Active Naturals Positively Nourishing Comforting Whipped Souffle;
- Aveeno Active Naturals Nourish+Moisturize Shampoo;
- Aveeno Active Naturals Nourish+Moisturize Conditioner;

and other similar varieties of Aveeno products labeled as "Active Naturals" that contain unnatural, synthetic ingredients (collectively, "Aveeno," "Product," or "Products").

2.     Defendant engaged and continues to engage in a widespread, uniform marketing campaign using the Product packaging, the website http://www.aveeno.com, and advertisements to mislead consumers about the nature of the ingredients in Aveeno.  Specifically, Defendant prominently places the label "Active Naturals" on the Products' packaging, even though Defendant knows that statement is false and misleading.

3.     Defendant also uses the representation "Active Naturals" on the Product website in connection with the Aveeno Products.

4.     Unfortunately for consumers and their children, the Aveeno Products are not natural.  Rather, the Products contain harmful, unnatural, synthetic ingredients.

5.      For example, Aveeno Active Naturals Therapeutic Shave Gel ("Therapeutic Shave Gel") contains synthetic, unnatural ingredients, and other hazardous ingredients including but not limited to the following:

a.    *Glycerin* – Glycerin is a synthetic substance.   7 C.F.R. § 205.605(b).  It is produced through various extensive means using synthetic and/or hazardous substances, including epichlorohydrin (hazardous), sodium hydroxide (synthetic and hazardous), allyl alcohol (synthetic and hazardous), hydrogen peroxide (synthetic), and peracetic acid (synthetic).

b.    *Benzaldehyde* – Pursuant to federal regulation, benzaldehyde is synthetic.    21 C.F.R. § 182.60 (listing synthetic flavoring substances and adjuvants).

c.    *Triethanolamine* – Triethanolamine is an amine produced by reacting ethylene oxide (considered highly toxic) with ammonia (another known toxin).   http://www.truthinaging.com/ingredients/ triethanolamine.  Triethanolamine is produced by reacting 3 moles of ethylene oxide with 1 mole of ammonia; additional ethylene oxide will continue to react to produce higher ethylene oxide adducts of triethanolamine.  Typically, ethylene oxide is reacted with ammonia in a batch process to produce a crude mixture that is later separated by distillation.  Triethanolamine is a fragrance ingredient, pH adjuster, surfactant and emulsifying agent. The Cosmetic Ingredient Review has placed restrictions on this ingredient regarding the concentration amounts. There is strong evidence showing this ingredient to be an immune and respiratory toxicant, meaning there are health problems ranging from allergic reactions to an incapacity to fight disease and repair damaged tissue in the body.  The Green Beaver Company, a company that creates personal care products, lists triethanolamine as an ingredient to avoid.  *See* http://www.greenbeaver.com/ingredients/.

d.    *Phenoxyethanol* – The Food and Drug Administration ("FDA") has warned that phenoxyethanol is dangerous.  Phenoxyethanol is an aromatic ether alcohol.  This ingredient starts out as phenol, a toxic white crystalline powder that is created from benzene (a known carcinogen) and then is treated with ethylene oxide (also a known carcinogen) and an alkalai.   Japan has restricted phenoxyethanol as an ingredient in all cosmetics. Most countries ban its use to only 1-percent concentration.  The Green Beaver Company lists phenoxyethanol as an ingredient to avoid.  *See* http://www.greenbeaver.com/ingredients/.

CLASS ACTION COMPLAINT

3

      e.      **_Methylparaben, propylparaben, ethylparaben_** – Parabens are esters of p-hydroxybenzoic acid (PHBA). Parabens are prepared by esterifying PHBA with the corresponding alcohol (*i.e.*, methyl alcohol, propyl alcohol, or ethyl alcohol) in the presence of an acid catalyst, such as sulfuric acid, and an excess of the specific alcohol. The acid is then neutralized with caustic soda, and the product is crystallized by cooling, centrifuged, washed, dried under vacuum, milled, and blended. The Green Beaver Company lists parabens as ingredients to avoid. *See* http://www.greenbeaver.com/ingredients/.

6.      Aveeno Active Naturals Creamy Moisturizing Oil with Natural Colloidal Oatmeal and Pure Oat Oil similarly contains many synthetic, unnatural ingredients, including but not limited to the following:

      a.      **_PEG-100 Stearate_** – Peg-100 Stearate is a synthetic polymer composed of PEG (polyethylene glycol) and stearic acid.

      b.      **_Methylparaben, propylparaben, ethylparaben_** – *See* ¶ 5(e), *supra*.

      c.      **_Xanthan Gum_** – Xanthan gum is a polysaccharide secreted by the bacterium Xanthomonas campestris. It is produced by the fermentation of glucose, sucrose, or lactose. After a fermentation period, the resulting polysaccharide is precipitated from a growth medium with isopropyl alcohol, dried, and ground into a fine powder. Later, it is added to a liquid medium to form the gum. The United States Department of Agriculture recognizes xanthan gum as a synthetic ingredient. 7 C.F.R. § 205.605(b).

      d.      **_BHT or Butylated Hydroxytoluene_** – BHT is a potent synthetic antioxidant.

      e.      **_Diazolidinyl Urea_** – Diazolidinyl urea is a formaldehyde releaser used in cosmetic products as a preservative that was re-classified by the International Agency for Research on Cancer to its highest toxic class, IARC 1 (known human carcinogen). Formaldehyde is classified as a probable human carcinogen by the United States Environmental Protection Agency, which provides sufficient evidence that formaldehyde causes nasopharyngeal cancer in humans by the International Agency for Research on Cancer. The Organic Consumers Association ranks diazolidinyl urea as the most important synthetic ingredient to avoid and the ingredient the Association most wants to see removed from the formulations of so-called "natural" products.

    f.    ***Fragrance*** – The synthetic fragrances used in the Creamy Moisturing Oil can have as many as 200 ingredients. There is no way to know what the chemicals are, since the label simply says "Fragrance." Some of the problems caused by these chemicals are headaches, dizziness, rash, hyperpigmentation, violent coughing, vomiting, and skin irritation. The Green Beaver Company lists synthetic fragrances as an ingredient to avoid. *See* http://www.greenbeaver.com/ingredients/.

    g.    ***Hydrogenated Polydecene*** – Hydrogenated polydecene is end product of the controlled hydrogenation of polydecene. It is classed as both a hydrocarbon and a synthetic polymer. It is used as a fragrance ingredient, emollient, miscellaneous skin-conditioning agent, and a solvent.

    h.    ***Tetrasodium EDTA*** – This ingredient is produced synthetically for industrial purposes in the laboratory. It is a preservative made from the known carcinogen formaldehyde and sodium cyanide. It is also a penetration enhancer, meaning it breaks down the skin's protective barrier, going directly into the bloodstream. Tetrasodium EDTA has been ranked as a "top 5" chemical to avoid. http://www.bubbleandbee.com/topfivechemicals.html.

    i.    ***Cetyl Alcohol*** – The FDA classifies cetyl alcohol as a synthetic fatty alcohol. *See* 21 C.F.R. § 172.864.

7.    Aveeno Active Naturals Positively Nourishing Comforting Whipped Souffle similarly contains many synthetic, unnatural ingredients, including but not limited to the following:

    a.    ***Glycerin*** – *See* ¶ 5(a), *supra*.

    b.    ***Caprylic/Capric Triglyceride*** – This ingredient is produced by chemical reactions between various fatty acids and glycerol. It is a mixed triester derived from coconut oil and glycerin. It is largely synthetic.

    c.    ***Isopropyl Palmitate*** – Manufactured from the synthetic alcohol isopropyl and the fatty acid from palm oil, isopropyl palmitate is not considered natural.

    d.    ***Cetyl Alcohol*** – *See* ¶ 6(i), *supra*.

    e.    ***Glyceryl Stearate SE*** – This ingredient is an esterification product of glycerin and stearic acid. Glyceryl stearate SE is produced by reacting an

excess of stearic acid with glycerin. The excess stearic acid is then reacted with potassium and/or sodium hydroxide yielding a product that contains Glyceryl stearate as well as potassium stearate and/or sodium stearate.

f.   *Tocopheryl Acetate* – Tocopheryl acetate is a synthetic ester of acetic acid and tocopherol.

g.   *Carbomer* – Carbomer is a synthetic acrylic polymer.

h.   *Fragrance – See* ¶ 6(f), *supra.*

i.   *Disodium EDTA* – Disodium EDTA is a synthetic salt of edetic acid.

j.   *Methylisothiazolinone* – This ingredient is a synthetic cosmetic preservative. It is a powerful biocide that has been linked to brain and nerve cell damage.

k.   *Sodium Hydroxide* – This ingredient is a manufactured chemical, an inorganic compound which controls the pH levels in creams, and a buffering agent. It is considered a strong irritant. Sodium hydroxide is also known as lye, caustic soda, soda lye, or sodium hydrate. According to the National Institute for Occupation Safety and Health, it irritates the eyes, skin, and mucous membrane, and may cause pneumonitis. It is classified as "expected to be toxic or harmful," and one or more animal studies show brain and nervous system, metabolic, and sense organ effects at very low doses. There are warnings regarding using this ingredient around the eyes or mouth. It has been linked to cancer, specifically of the esophagus.

8.   Aveeno Active Naturals Nourish+Moisturize Shampoo similarly contains many synthetic, unnatural ingredients, including but not limited to the following:

a.   *Ammonium Lauryl Sulfate* – Ammonium lauryl sulfate is a synthetic ammonium salt of sulfated ethoxylated lauryl alcohol. The Green Beaver Company lists it as an ingredient to avoid. *See* http://www.greenbeaver.com/ingredients/.

b.   *Dimethicone* – Dimethicone is what chemists call a "silicon-based polymer"—"polymer" meaning it is a large molecule made up of several smaller units bonded together. Simply put, dimethicone is a silicon oil that is man-made in the laboratory.

c.   *Sodium Cumenesulfonate* – This ingredient is a hydrotropic substance used as a coupling agent, viscosity modifier, solubilizer, and cloud point and crystallization temperature depressant in liquid cleaning, washing, and laundry detergents, wax strippers, and metalworking cleaners.

CLASS ACTION COMPLAINT

d.  ***Cocamide MEA*** – Made by mixing the fatty acids from coconut oil and monoethanolamine (MEA), this ingredient may contain traces of cocamide DEA, which, according to the FDA, may lead to the formation of carcinogenic nitrosamines. The CIR Expert Panel has acknowledged that MEA can react with an aldehyde to form DEA, which then can be nitrosated. The Green Beaver Company has listed cocamide MEA as an ingredient to avoid. *See* http://www.greenbeaver.com/ingredients/.

e.  ***Cetyl Alcohol*** – *See* ¶ 6(i), *supra*.

f.  ***Acrylates Copolymer*** – Acrylates copolymer is a general term for copolymers of two or more monomers consisting of acrylic acid, methacrylic acid, or one of their simple esters.

g.  ***Cocamidopropyl betaine*** – Cocamidopropyl betaine is a synthetic surfactant. It has been associated with irritation and allergic contact dermatitis.

h.  ***Fragrance*** – *See* ¶ 6(f), *supra*.

i.  ***Phenoxyethanol*** – *See* ¶ 5(d), *supra*.

j.  ***Tetrasodium EDTA*** – *See* ¶ 6(h), *supra*.

k.  ***Polyquaternium-10*** – Poly quaternium-10 is a polymeric quaternary ammonium synthetic derivative of hydroxyethyl cellulose.

l.  ***Glycerin*** – *See* ¶ 5(a), *supra*.

9.  Aveeno Active Naturals Nourish+Moisturize Shampoo similarly contains many synthetic, unnatural ingredients, including but not limited to the following:

a.  ***Dimethicone*** – *See* ¶ 8(d), *supra*.

b.  ***Cyclopentasiloxane*** – Cyclopentasiloxane is a synthetic silicone oil.

c.  ***Cetyl Alcohol*** – *See* ¶ 6(i), *supra*.

d.  ***Behetrimorium Methosulfate*** – This ingredient is synthetically created from modified rapeseed oil.

e.  ***Glycerin*** – *See* ¶ 5(a), *supra*.

f.  ***Fragrance*** – *See* ¶ 6(f), *supra*.

CLASS ACTION COMPLAINT

g.    ***Stearyl Alcohol*** – The FDA classifies stearyl alcohol as a synthetic fatty alcohol. *See* 21 C.F.R. § 172.864.

h.    ***Phenoxyethanol*** – *See* ¶ 5(d), *supra*.

i.    ***Polyquaternium-7*** – This ingredient is a synthetic polymer based on quaternary ammonium compounds.

j.    ***Hydroxyethylcellulose*** – Hydroxyethylcellulose is a modified cellulose polymer. It is used as a gelling and thickening agent.

k.    ***Amodimethicone*** – Amodimethicone is a synthetic conditioning agent.

l.    ***Cetrimonium Chloride*** – Cetrimonium chloride is a synthetic antiseptic agent with antistatic, emulsifying, and detergent properties.

10.    Through its deceptive practice of marketing and selling its Products as "Active Naturals" despite the presence of synthetic ingredients, Defendant was able to command a premium price by deceiving consumers about the attributes of the Products and distinguishing the Products from similar personal care products, including, but not limited to, other moisturizing oils, shave gels and shaving creams, and daily scrubs. Defendant was motivated to mislead consumers for no other reason than to take away market share from competing products, thereby increasing its own profits.

11.    "Unnatural" is a defining characteristic of synthetic ingredients.

12.    Because Aveeno contains synthetic, unnatural ingredients, Defendant's "Active Naturals" claims on the Product labeling and in the Product marketing are false, misleading, and designed to deceive consumers into purchasing the Products.

13.    By labeling and advertising its Products as "Active Naturals," Defendant creates the impression amongst reasonable consumers that the Products are natural. However, Defendant fails to adequately inform consumers that the Products contain numerous synthetic, unnatural, and dangerous ingredients. Indeed, Defendant only lists the synthetic, unnatural ingredients in the Products on the back of the Product packaging in small, hard-to-read print and,

even then, fails to inform consumers that many of the ingredients listed are synthetic and unnatural. Moreover, Defendant omits the synthetic, unnatural ingredients from its website.

14.     Were it not for Defendant's unfair and deceptive practices, Plaintiff and the Class members would not have purchased Defendant's "Active Naturals" or paid a price premium to purchase them. Plaintiff brings this action to stop Defendant's misleading practice.

## JURISDICTION AND VENUE

15.     This court has jurisdiction over all causes of action asserted herein, pursuant to 28 U.S.C. § 1332(d), because the aggregate claims of the Class (as defined below) exceed the sum or value of $5,000,000.00, and there is diversity of citizenship between proposed Class members and Defendant.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) and (2). Substantial acts in furtherance of the alleged improper conduct, including the dissemination of false information regarding the Products, occurred within this District.

## PARTIES

17.     Plaintiff Michael Goldemberg is a citizen of New York residing in White Plains, New York.  During the past 2 years, and prior to the commencement of this action, Mr. Goldemberg bought at CVS, Target, and/or other stores in New York Aveeno Active Naturals Creamy Moisturizing Oil with Natural Colloidal Oatmeal and Pure Oat Oil (12 fluid ounces); Aveeno Active Naturals Therapeutic Shave Gel; Aveeno Active Naturals Positively Smooth Shave Gel; Aveeno Active Naturals Positively Smooth Shave Gel with Natural Soy; Aveeno Active Naturals Positively Nourishing Comforting Whipped Souffle; Aveeno Active Naturals Nourish+Moisturize Shampoo; and Aveeno Active Naturals Nourish+Moisturize Conditioner. . Plaintiff purchased the Products, for which he paid a price premium, because he wanted to use a

product that was natural. Had Plaintiff known at the time that the Product was not, in fact, a natural product but was, instead, made with unnatural, synthetic ingredients, Plaintiff would not have purchased the Product or paid a price premium to purchase it.

18.     Defendant Johnson & Johnson Consumer Companies, Inc. is a corporation incorporated under the laws of the State of New Jersey with its principal executive office at Johnson & Johnson Consumer Companies, Inc., 199 Grandview Road, Skillman, New Jersey 08558. Defendant markets its Products to consumers and sells its Products to distributors throughout the state of New York.

## SUBSTANTIVE ALLEGATIONS

19.     Defendant sells several types of personal care products under the Aveeno brand that are widely consumed by both children and adults. Each variety of Aveeno is sold with a label on the front of the Product that prominently states "Active Naturals." *See, e.g.*, http://www.aveeno.com/skincare/products/creamy-moisturizing-oil (last visited Mar. 11, 2013); http://www.aveeno.com/skincare/products/therapeutic-shave-gel (last visited Mar. 11, 2013); http://www.aveeno.com/skincare/products/positively-smooth-shave-gel (last visited Mar. 11, 2013); http://www.aveeno.com/facialcare/daily-detoxifying-scrub (last visited Mar. 11, 2013). Accordingly, all purchasers of the Products are exposed to the false and misleading "Active Naturals" representation.

20.     Defendant's website also makes the "Active Naturals" representation in connection with the Aveeno Products.

21.     Additionally, Defendant systematically conveys the "Active Naturals" misrepresentation in advertising and on social media websites, such as Facebook. *See, e.g.*, http://www.facebook.com/aveeno.

22.    The Aveeno website also features numerous slogans and representations to induce the purchaser into believing the Products are natural.  For example, with respect to Aveeno Active Naturals Creamy Moisturizing Oil with Natural Colloidal Oatmeal and Pure Oat Oil ("Moisturizing Oil"), the website states:

- This light creamy oil moisturizes all day long to leave skin feeling soft and silky, without the greasy feel of body oil.  Its breakthrough formula combines Natural Colloidal Oatmeal, long known for its ability to soothe dry skin, with a blend of natural oils and rich emollients that work together to replenish skin's natural moisture. It has a light fragrance without feeling greasy.

http://www.aveeno.com/skincare/products/creamy-moisturizing-oil.

23.    With respect to Aveeno Active Naturals Positively Smooth Shave Gel ("Positively Smooth Shave Gel"), the website states:

- This creamy shaving gel helps you shave less often, while helping to prevent irritation, so your skin stays softer, smoother longer. Its unique formula with natural Soy and rich emollients helps to immediately soften and condition hair, making it easier for you to get a closer shave so you can shave less often with continued use. The clean-rinsing formula helps hydrate, moisturize, and soothe skin to help prevent nicks, cuts, and even razor bumps. With a light, natural fragrance, it's gentle enough to use on sensitive skin.

24.    On its website Defendant also makes numerous statements and representations to reinforce the "Active Naturals" part of its brand, emphasizing the perceived health, efficacy, and safety benefits of using natural personal care products.  For example, on a page titled "About AVEENO®", Defendant makes the following representations:

> ***Throughout the years, AVEENO® has continued [its] story of discovery and passion for unlocking the power of nature through scientific advances to benefit humankind.  AVEENO®, the leader in ACTIVE NATURALS®, continues to develop breakthrough product formulations with new and existing natural ingredients, many that are clinically proven to deliver real skin care benefits leaving you with healthier-looking, beautiful skin.***  No wonder AVEENO® has been endorsed and recommended by dermatologists and pediatricians for over 60 years and is

the brand trusted most by dermatologists *for the efficacy and safety of its natural ingredients*.

*See* http://www.aveeno.com/about-aveeno (last visited Mar. 12, 2013) (emphasis added).

25.     Further, on the Aveeno Facebook page, Defendant prominently states "[w]e believe nature has the power to make life beautiful - to soothe, heal, and even transform." http://www.facebook.com/aveeno (last visited Mar. 12, 2012).

26.     Nutrition-related health claims on products cause consumers to believe those products are healthier than other products and to be more willing to purchase products with such claims. *See* Karen N. Peart, *Parents Often Misled by Health Claims on Children's Cereal Packages*, Yale News (Aug. 10, 2011), http://opac.yale.edu/news/article.aspx?id=8782 (last visited Nov. 5, 2012). Furthermore, "labels can strongly impact consumer behavior." Linda Casy, *Packaging's Role in Deterring Junk Food Consumption*, PACKAGING DIGEST (Apr. 11, 2011). Consumers, including Plaintiff and the Class members, frequently rely on label representations and information in making purchase decisions.

27.     Despite knowing that synthetic ingredients are not natural and that its Products contain synthetic ingredients, Defendant has engaged in a widespread marketing and advertising campaign to portray the Products as "Active Naturals" and to otherwise represent that the Products are natural. Defendant engaged in this misleading and deceptive campaign to charge a premium and take away market share from other similar products.

28.     Research shows that products purported to be "natural," such as Aveeno, are often priced higher than equivalent products, suggesting that companies, including Defendant, are taking advantage of consumer confusion between certified organic labels and the often deceptive " natural" label. *See* Cornucopia Institute, Cereal Crimes: How "Natural" Claims Deceive Consumers and Undermine the Organic Label – A Look Down the Cereal and Granola Aisle, at

29 (2011), *available at* http://www.cornucopia.org/2011/10/natural-vs-organic-cereal/. Defendant makes claims regarding the "naturalness" and "healthfulness" of the Products to induce consumers to purchase its Products over competing ones and to pay a premium for those Products over competing ones.

29.     Defendant's representations that the Products are natural (including but not limited to the "Active Naturals" representation), described above, are false because products containing synthetic ingredients are unnatural by definition.   A reasonable consumer believes, based on Defendant's representations discussed above, that Defendant's Products do not contain harmful, synthetic, unnatural ingredients; in fact, however, the Products *do* contain such ingredients.

30.     Plaintiff and the other Class members were among the intended recipients of Defendant's deceptive representations and omissions described herein.   Defendant's deceptive representations and omissions, as described herein, are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.   Plaintiff purchased the Products because he wanted natural care products.  Plaintiff was injured by Defendant's deceptive representations and omissions because he would not have purchased the Products had it been truthfully advertised and labeled and because he paid a price premium for Defendant's Products.

31.     The materiality of the representations and omissions described herein also establishes causation between Defendant's conduct and the injuries sustained by Plaintiff and the Class members.

32.     Defendant's false, misleading, and deceptive misrepresentations and omissions, as described herein, are likely to continue to deceive and mislead reasonable consumers and the

general public.  Indeed, they have already deceived and misled Plaintiff and the other Class members.

33.    In making the false, misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a premium for the Products over comparable products that are not "natural."

34.    As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions (as detailed herein), Defendant injured Plaintiff and the other Class members in that they:

- paid a sum of money for Products that were not as represented;

- paid a premium price for Products that were not as represented;

- were deprived of the benefit of the bargain because the Products they purchased were different than what Defendant warranted;

- were deprived of the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant; and

- did not receive Products that measured up to their expectations as created by Defendant.

35.    Plaintiff and the other Class members all paid money for the Products.  However, Plaintiff and the other Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions, as detailed herein.  Plaintiff and the other Class members purchased, purchased more of, or paid more for, the Products than they would have had they known the truth about the Products' unnaturalness.  Accordingly, Plaintiff and the other Class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

36.    Defendant's widespread marketing campaign portraying the Products as "Active Naturals" and otherwise representing them to be natural, as detailed herein, is misleading and

deceptive to consumers because the Products are made with unnatural, synthetic ingredients. Defendant's Product labeling, marketing, and other materials do not disclose this fact by means of qualifying language or otherwise remedy the deception.  Plaintiff brings this action on behalf of the proposed Class to stop Defendant's misleading practice.

## CLASS ALLEGATIONS

37.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All persons who purchased Defendant's Products in New York during the applicable limitations period.  Excluded from the Class are current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, or assigns, and any entity in which they have or have had a controlling interest.  Also excluded from the Class is the judicial officer to whom this lawsuit is assigned.

38.     Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

39.     At this time, Plaintiff does not know the exact number of the Class members; however, given the nature of the claims and the number of retail stores selling Defendant's Products in New York, Plaintiff believes the Class members are so numerous that joinder of all members is impracticable.

40.     Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include but are not limited to:

> a.      Whether Defendant labeled, marketed, advertised, and/or sold the Products to Plaintiff and those similarly situated using false, misleading, and/or deceptive statements or representations, including statements or representations concerning the ingredients of the Products;

> b.      Whether Defendant omitted and/or misrepresented material facts in connection with the sales of the Products;

c.   Whether Defendant participated in and pursued the common course of conduct complained of herein;

d.   Whether Defendant has been unjustly enriched; and

e.   Whether Defendant's labeling, marketing, advertising, and/or selling of the Products with the representation "Active Naturals" herein constitutes a deceptive consumer sales practice.

41.   Plaintiff's claims are typical of those of the Class members because Plaintiff and the other Class members sustained damages arising out of the same wrongful conduct, as detailed herein.

42.   Plaintiff will adequately protect the interests of the Class members.  Plaintiff has retained counsel that are experienced in litigating complex class actions.  Neither Plaintiff nor his counsel have any interests adverse to those of the other Class members.

43.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The damages suffered by any individual class member are too small to make it economically feasible for an individual class member to prosecute a separate action, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum.  Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.  There will be no difficulty in the management of this action as a class action.

44.   The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

45.   The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.

CLASS ACTION COMPLAINT
16

Additionally, individual actions may be dispositive of the interests of all members of the Class, although certain Class members are not parties to such actions.

46.    Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.  As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of the New York General Business Law § 349)**

47.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

48.    As detailed more fully herein, Defendant engaged in deceptive acts and practices by falsely and misleadingly marketing its Products to consumers, including through the use of false and misleading Product labeling.

49.    As fully alleged above, by advertising, marketing, distribution, and/or selling the Products to Plaintiff and the other members of the Class, Defendant engaged in and continues to engage in deceptive acts, practices, and omissions.

50.    Plaintiff and the other members of the Class further seek to enjoin such unlawful deceptive acts and practices as described above.  Each of the Class members will be irreparably harmed unless the unlawful actions of the Defendant is enjoined in that Defendant will continue to falsely and misleadingly advertise the Products as "Active Naturals" and other similar representations, as detailed more fully herein, when in fact the Products contain synthetic ingredients.  Absent injunctive relief, Defendant will continue to manufacture and sell its personal care Products using the representation "Active Naturals" and other similar

CLASS ACTION COMPLAINT
17

representations, as detailed more fully herein, to the detriment of consumers.

51.    By reason of the foregoing, Defendant's conduct, as alleged herein, constitutes deceptive acts and practices in violation of New York General Business Law § 349, and Defendant is liable to Plaintiff and the other members of the Class for the actual damages that they have suffered as a result of Defendant's actions.  The amount of such damages is to be determined at trial, but will not be less than $50.00.  Therefore, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Breach of Express Warranties under New York Common Law)

52.    Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

53.    Defendant provided Plaintiff and other members of the Class with written express warranties, including, but not limited to, warranties that its Products were "Active Naturals," as set forth above.

54.    Defendant breached these warranties by providing Products that contained synthetic ingredients and that did not otherwise conform to Defendant's warranties.

55.    This breach resulted in damages to Plaintiff and the other members of the Class who bought Defendant's Products but did not receive the goods as warranted in that the Products were not natural because they contained synthetic ingredients.

56.    As a proximate result of Defendant's breach of warranties, Plaintiff and the other Class members have suffered damages in an amount to be determined by the Court and/or jury, in that, among other things, they purchased and paid for Products that did not conform to what Defendant promised in its Product promotion, marketing, advertising, packaging, and labeling, and they were deprived of the benefit of their bargain and spent money on Products that did not

have any value or had less value than warranted or Products that they would not have purchased and used had they known the true facts about them.

57.     Therefore, Plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
#### (Unjust Enrichment under New York Common Law)

58.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

59.     As a result of Defendant's deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales of the Products, Defendant was enriched at the expense of Plaintiff and the other Class members, through the payment of the purchase price for Defendant's Products.

60.     Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Plaintiff and the other Class members in light of the fact that the Products purchased by Plaintiff and the other Class members were not what Defendant purported them to be.  Thus, it would be unjust or inequitable for Defendant to retain the benefit without restitution to Plaintiff and the other Class members for the monies paid to Defendant for such Products.

61.     Therefore, Plaintiff prays for relief as set forth below.

### PRAYER FOR RELIEF

THEREFORE, Plaintiff demands judgment as follows:

A.     For an order certifying the proposed Class herein under Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3); appointing Plaintiff as representative of the Class; and appointing his undersigned counsel as Class counsel;

B.     For a declaration that Defendant is financially responsible for notifying the Class

members of the pendency of this suit;

C.      For declaratory and injunctive relief pursuant to section 349 of the New York General Business Law, without limitation;

D.      Monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law with respect to the common law claims alleged;

E.      Statutory damages in the maximum amount provided by law;

F.      Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

G.      For an order awarding Plaintiff and the other Class members the reasonable costs and expenses of suit, including their attorneys' fees; and

H.      For any further relief that the Court may deem appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.


Dated: May 7, 2013

MEISELMAN, PACKMAN, NEALON,
SCIALABBA & BAKER P.C.

By: _____
Todd S. Garber
D. Greg Blankinship
Jeremiah Frei-Pearson
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
Email:  tgarber@mpnsb.com
gblankinship@mpnsb.com
jfrei-Pearson@mpnsb.com


-and-


REESE RICHMAN LLP
Michael R. Reese
Kim E. Richman
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone:     (212) 643-0500
Facsimile:     (212) 253-4272
Email:  mreese@reeserichman.com
krichman@reeserichman.com


*Counsel for Plaintiff and Proposed Class*


CLASS ACTION COMPLAINT