**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL GOLDEMBERG, ANNIE LE, and HOWARD PETLACK, on behalf of themselves and all others similarly situated, | Case No. 7:13-cv-03073-NSR-LMS |
| | **SECOND AMENDED CLASS ACTION COMPLAINT** |
| Plaintiffs, | <u>DEMAND FOR JURY TRIAL</u> |
| v. | **ECF CASE** |
| JOHNSON & JOHNSON CONSUMER COMPANIES, INC., | |
| Defendant. | |

Plaintiffs Michael Goldemberg, Annie Le, and Howard Petlack (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, allege the following based upon their own personal knowledge and the investigation of their counsel.

## NATURE OF THE ACTION

1.     This is a proposed class action against Johnson & Johnson Consumer Companies, Inc. ("Defendant") for misleading consumers about the nature of the ingredients of its personal care products sold under the "Aveeno" brand name and labeled as "Active Naturals," when, in fact, they contain unnatural, synthetic ingredients.  Namely, the products at issue (collectively, "Aveeno," "Product," or "Products") are the following[1]:

(1)    Aveeno Active Naturals Daily Moisturizing Lotion, 18 fl oz;
(2)    Aveeno Active Naturals Daily Moisturizing Lotion, 12 fl oz;
(3)    Aveeno Active Naturals Daily Moisturizing Lotion, 8 oz;
(4)    Aveeno Active Naturals Daily Moisturizing Body Wash, 12 fl oz;
(5)    Aveeno Active Naturals Daily Moisturizing Body Wash, 18 fl oz;
(6)    Aveeno Active Naturals Daily Moisturizing Lotion with Broad Spectrum SPF 15, 12 fl oz;
(7)    Aveeno Active Naturals Skin Relief 24hr Moisturizing Lotion, 12 fl oz;
(8)    Aveeno Active Naturals Skin Relief 24hr Moisturizing Lotion, 18 fl oz;
(9)    Aveeno Active Naturals Skin Relief 24hr Moisturizing Lotion, 8 oz;
(10)   Aveeno Active Naturals Skin Relief Healing Ointment, 3 oz;
(11)   Aveeno Active Naturals Skin Relief Overnight Cream, 7.3 oz;
(12)   Aveeno Active Naturals Skin Relief Hand Cream, 3.5 oz;
(13)   Aveeno Active Naturals Skin Relief Moisture Repair Cream, 11 oz;
(14)   Aveeno Active Naturals Skin Relief Body Wash, 18 fl oz;
(15)   Aveeno Active Naturals Skin Relief Body Wash, 12 fl oz;
(16)   Aveeno Active Naturals Skin Relief Shower & Bath Oil, 10 fl oz;
(17)   Aveeno Active Naturals Eczema Therapy Moisturizing Cream, 5 oz;
(18)   Aveeno Active Naturals Eczema Therapy Moisturizing Cream, 7.3 oz;
(19)   Aveeno Active Naturals Eczema Therapy Moisturizing Cream, 12 fl oz;
(20)   Aveeno Active Naturals Positively Nourishing Calming Body Lotion, 7 oz;
(21)   Aveeno Active Naturals Positively Nourishing Comforting Whipped Souffle, 6 oz;

---

[1] Defendant may discontinue offering some products and regularly introduces new products that are also falsely and misleadingly labeled "Active Naturals."  Defendant may also market and sell additional substantially similar products of which Plaintiffs are unaware.  Plaintiffs will ascertain the identity of any such additional products as discovery progresses, and they reserve the right to amend the list of products at issue as necessary.

(22) Aveeno Active Naturals Positively Nourishing Energizing Body Lotion, 7 oz;

(23) Aveeno Active Naturals Positively Nourishing Hydrating Body Wash, 16 fl oz;

(24) Aveeno Active Naturals Positively Nourishing Antioxidant Infused Body Wash with White Peach and Ginger, 16 fl oz;

(25) Aveeno Active Naturals Positively Nourishing Smoothing Body Wash, 16 fl oz;

(26) Aveeno Active Naturals Positively Nourishing Calming Body Wash, 16 fl oz;

(27) Aveeno Active Naturals Positively Ageless Firming Body Lotion, 8 oz;

(28) Aveeno Active Naturals Positively Ageless Skin Strengthening Hand Cream, 2.7 oz;

(29) Aveeno Active Naturals Stress Relief Moisturizing Lotion, 18 fl oz;

(30) Aveeno Active Naturals Stress Relief Moisturizing Lotion, 12 fl oz;

(31) Aveeno Active Naturals Stress Relief Body Wash, 12 fl oz;

(32) Aveeno Active Naturals Stress Relief Foaming Bath, 10 fl oz;

(33) Aveeno Active Naturals Creamy Moisturizing Oil, 12 fl oz;

(34) Aveeno Active Naturals Therapeutic Shave Gel, 7 oz;

(35) Aveeno Active Naturals Positively Smooth Shave Gel, 7 oz;

(36) Aveeno Active Naturals 1% Hydrocortisone Anti-Itch Cream, 1 oz;

(37) Aveeon Active Naturals Anti-Itch Concentrated Lotion, 4 fl oz;

(38) Aveeno Active Naturals Calamine & Pramoxine HCI Anti-Itch Cream, 1 oz;

(39) Aveeno Active Naturals Moisturizing Bar, 3.5 oz;

(40) Aveeno Active Naturals Protect + Hydrate Lotion Sunscreen with Broad Spectrum SPF 30, 3 oz;

(41) Aveeno Active Naturals Protect + Hydrate Lotion Sunscreen with Broad Spectrum SPF 70, 3 oz;

(42) Aveeno Active Naturals Hydrosport Wet Skin Spray Sunscreen with Broad Spectrum SPF 30, 5 oz;

(43) Aveeno Active Naturals Positively Radiant Targeted Tone Corrector, 1.1 fl oz;

(44) Aveeno Active Naturals Positively Radiant Makeup Removing Wipes, 25 count;

(45) Aveeno Active Naturals Positively Radiant Daily Moisturizer Broad Spectrum SPF 15, 4 fl oz;

(46) Aveeno Active Naturals Positively Radiant Daily Moisturizer Broad Spectrum SPF 30, 2.5 fl oz;

(47) Aveeno Active Naturals Positively Radiant Tinted Moisturizer Broad Spectrum SPF 30, 2.5 fl oz, fair to light;

(48) Aveeno Active Naturals Positively Radiant Tinted Moisturizer Broad Spectrum SPF 30, 2.5 fl oz, medium;

(49) Aveeno Active Naturals Positively Radiant Intensive Night Cream, 1.7 oz;

(50) Aveeno Active Naturals Positively Radiant Skin Brightening Daily Scrub, 5 oz;

(51) Aveeno Active Naturals Positively Radiant Brightening Cleanser, 6.7 fl oz;

(52) Aveeno Active Naturals Positively Radiant Daily Cleansing Pads, 28 count;

(53) Aveeno Active Naturals Ultra-Calming Daily Moisturizer Broad Spectrum SPF 15, 4 fl oz;

(54) Aveeno Active Naturals Ultra-Calming Foaming Cleanser, 6 fl oz;

(55) Aveeno Active Naturals Ultra-Calming Makeup Removing Wipes, 25 count;

(56) Aveeno Active Naturals Clear Complexion BB Cream Broad Spectrum SPF 30, 2.5 fl oz, medium;

(57) Aveeno Active Naturals Clear Complexion BB Cream Broad Spectrum SPF 30, 2.5 fl oz, fair to light;

SECOND AMENDED CLASS ACTION COMPLAINT

(58)  Aveeno Active Naturals Clear Complexion Daily Moisturizer, 4 fl oz;

(59)  Aveeno Active Naturals Clear Complexion Foaming Cleanser, 6 fl oz;

(60)  Aveeno Active Naturals Clear Complexion Daily Cleansing Pads, 28 count;

(61)  Aveeno Active Naturals Clear Complexion Cream Cleanser, 5 oz;

(62)  Aveeno Active Naturals Clear Complexion Cleansing Bar, 3.5 oz;

(63)  Aveeno Active Naturals Positively Ageless Youth Perfecting Moisturizer Broad Spectrum SPF 30, 2.5 fl oz;

(64)  Aveeno Active Naturals Positively Ageless Reconditioning Night Cream, 1.7 fl oz;

(65)  Aveeno Active Naturals Positively Ageless Restructuring Treatment Cream, 1.7 fl oz;

(66)  Aveeno Active Naturals Positively Ageless Lifting & Firming Eye Cream, 0.5 oz;

(67)  Aveeno Active Naturals Positively Ageless Complete Anti-Aging System;

(68)  Aveeno Active Naturals Positively Ageless Resurfacing Scrub, 5 oz;

(69)  Aveeno Active Naturals Positively Ageless Daily Exfoliating Cleanser, 5 fl oz;

(70)  Aveeno Active Naturals Smart Essentials Daily Nourishing Moisturizer Broad Spectrum SPF 30, 2.5 fl oz;

(71)  Aveeno Active Naturals Smart Essentials Nighttime Moisture Infusion, 1.7 oz;

(72)  Aveeno Active Naturals Smart Essentials Daily Detoxifying Scrub, 5 oz;

(73)  Aveeno Active Naturals Protect + Hydrate Lotion Sunscreen with Broad Spectrum SPF 50 for Face, 3 oz;

(74)  Aveeno Active Naturals Nourish+ Moisturize Shampoo, 10.5 fl oz;

(75)  Aveeno Active Naturals Nourish+ Moisturize Conditioner, 10.5 fl oz;

(76)  Aveeno Active Naturals Nourish+ Condition Leave-In Treatment, 5.2 fl oz;

(77)  Aveeno Active Naturals Pure Renewal Shampoo, 10.5 fl oz;

(78)  Aveeno Active Naturals Pure Renewal Conditioner, 10.5 fl oz;

(79)  Aveeno Active Naturals Pure Renewal Dry Shampoo, 4.8 oz;

(80)  Aveeno Active Naturals Nourish+ Dandruff Control Shampoo, 10.5 fl oz;

(81)  Aveeno Active Naturals Nourish+ Dandruff Control Conditioner, 10.5 fl oz;

(82)  Aveeno Active Naturals Nourish+ Shine Shampoo, 10.5 fl oz;

(83)  Aveeno Active Naturals Nourish+ Shine Conditioner, 10.5 fl oz;

(84)  Aveeno Active Naturals Nourish+ Strengthen Shampoo, 10.5 fl oz;

(85)  Aveeno Active Naturals Nourish+ Strengthen Conditioner, 10.5 fl oz;

(86)  Aveeno Active Naturals Nourish+ Volumize Shampoo, 10.5 fl oz;

(87)  Aveeno Active Naturals Nourish+ Volumize Conditioner, 10.5 fl oz;

(88)  Aveeno Active Naturals Men's Face Wash, 5.1 oz;

(89)  Aveeno Active Naturals Men's Shave Gel, 7 oz; and

(90)  Aveeno Active Naturals Men's After Shave Lotion, 3.4 fl oz.

2.    Defendant engaged and continues to engage in a widespread, uniform marketing campaign using the Product packaging, the website http://www.aveeno.com, and advertisements to mislead consumers about the nature of the ingredients in Aveeno.  Specifically, Defendant prominently places the label "Active Naturals" on the Products' packaging, even though Defendant knows that statement is false and misleading.

SECOND AMENDED CLASS ACTION COMPLAINT

3.     Defendant also uses the representation "Active Naturals" on the Product website in connection with the Aveeno Products.

4.     Unfortunately for consumers and their children, the Aveeno Products are not natural.  Rather, the Products contain harmful, unnatural, synthetic ingredients.

5.     For example, Aveeno Active Naturals Therapeutic Shave Gel, 7 oz, contains synthetic, unnatural ingredients, and other hazardous ingredients including but not limited to the following:

　　　　a.     ***Glycerin*** – Glycerin is a synthetic substance.  7 C.F.R. § 205.605(b).  It is produced through various extensive means using synthetic and/or hazardous substances, including epichlorohydrin (hazardous), sodium hydroxide (synthetic and hazardous), allyl alcohol (synthetic and hazardous), hydrogen peroxide (synthetic), and peracetic acid (synthetic).

　　　　b.     ***Benzaldehyde*** – Pursuant to federal regulation, benzaldehyde is synthetic.  21 C.F.R. § 182.60 (listing synthetic flavoring substances and adjuvants).

　　　　c.     ***Triethanolamine*** – Triethanolamine is an amine produced by reacting ethylene oxide (considered highly toxic) with ammonia (another known toxin).    Truth in Aging, Triethanolamine, http://www.truthinaging.com/ingredients/triethanolamine (last visitedAugust 21, 2014).  Triethanolamine is produced by reacting 3 moles of ethylene oxide with 1 mole of ammonia; additional ethylene oxide will continue to react to produce higher ethylene oxide adducts of triethanolamine.  Typically, ethylene oxide is reacted with ammonia in a batch process to produce a crude mixture that is later separated by distillation.  Triethanolamine is a fragrance ingredient, pH adjuster, surfactant and emulsifying agent. The Cosmetic Ingredient Review has placed restrictions on this ingredient regarding the concentration amounts. There is strong evidence showing this ingredient to be an immune and respiratory toxicant, meaning there are health problems ranging from allergic reactions to an incapacity to fight disease and repair damaged tissue in the body.  The Green Beaver Company, a company that creates personal care products, lists triethanolamine as an ingredient to avoid.  Green Beaver, Ingredients to Avoid, http://www.greenbeaver.com/ingredients/ (last visited August 21, 2014).

SECOND AMENDED CLASS ACTION COMPLAINT

d.   ***Phenoxyethanol*** – The Food and Drug Administration ("FDA") has warned that phenoxyethanol is dangerous.  Phenoxyethanol is an aromatic ether alcohol.  This ingredient starts out as phenol, a toxic white crystalline powder that is created from benzene (a known carcinogen) and then is treated with ethylene oxide (also a known carcinogen) and an alkalai.  Japan has restricted phenoxyethanol as an ingredient in all cosmetics.  Most countries ban its use to only 1-percent concentration.  The Green Beaver Company lists phenoxyethanol as an ingredient to avoid.  Ingredients to Avoid, http://www.greenbeaver.com/ingredients/.

e.   ***Methylparaben, propylparaben, ethylparaben*** – Parabens are esters of p-hydroxybenzoic acid (PHBA).  Parabens are prepared by esterifying PHBA with the corresponding alcohol (*i.e.*, methyl alcohol, propyl alcohol, or ethyl alcohol) in the presence of an acid catalyst, such as sulfuric acid, and an excess of the specific alcohol.  The acid is then neutralized with caustic soda, and the product is crystallized by cooling, centrifuged, washed, dried under vacuum, milled, and blended.  The Green Beaver Company lists parabens as ingredients to avoid.  Green Beaver, Ingredients to Avoid, http://www.greenbeaver.com/ingredients/.

6.   Aveeno Active Naturals Creamy Moisturizing Oil, 12 fl oz, similarly contains many synthetic, unnatural ingredients, including but not limited to the following:

a.   ***PEG-100 Stearate*** – Peg-100 Stearate is a synthetic polymer composed of PEG (polyethylene glycol) and stearic acid.

b.   ***Methylparaben, propylparaben, ethylparaben*** – *See* ¶ 5(e), *supra*.

c.   ***Xanthan Gum*** – Xanthan gum is a polysaccharide secreted by the bacterium *Xanthomonas campestris*.  It is produced by the fermentation of glucose, sucrose, or lactose.  After a fermentation period, the resulting polysaccharide is precipitated from a growth medium with isopropyl alcohol, dried, and ground into a fine powder.  Later, it is added to a liquid medium to form the gum.  The United States Department of Agriculture recognizes xanthan gum as a synthetic ingredient.  7 C.F.R. § 205.605(b).

d.   ***BHT or Butylated Hydroxytoluene*** – BHT is a potent synthetic antioxidant.

e.   ***Diazolidinyl Urea*** – Diazolidinyl urea is a formaldehyde releaser used in cosmetic products as a preservative that the International Agency for Research on Cancer has re-classified to its highest toxic class, IARC 1 (known human carcinogen).  Formaldehyde is

classified as a probable human carcinogen by the United States Environmental Protection Agency, which provides sufficient evidence that formaldehyde causes nasopharyngeal cancer in humans by the International Agency for Research on Cancer. The Organic Consumers Association ranks diazolidinyl urea as the most important synthetic ingredient to avoid and the ingredient the Association most wants to see removed from the formulations of so-called "natural" products.

f.   ***Fragrance*** – The synthetic fragrances used in the Creamy Moisturing Oil can have as many as 200 ingredients. There is no way to know what the chemicals are, since the label simply says "Fragrance." Some of the problems caused by these chemicals are headaches, dizziness, rash, hyperpigmentation, violent coughing, vomiting, and skin irritation. The Green Beaver Company lists synthetic fragrances as an ingredient to avoid. Green Beaver, Ingredients to Avoid, http://www.greenbeaver.com/ingredients/.

g.   ***Hydrogenated Polydecene*** – Hydrogenated polydecene is end product of the controlled hydrogenation of polydecene. It is classed as both a hydrocarbon and a synthetic polymer. It is used as a fragrance ingredient, emollient, miscellaneous skin-conditioning agent, and a solvent.

h.   ***Tetrasodium EDTA*** – This ingredient is produced synthetically for industrial purposes in the laboratory. It is a preservative made from the known carcinogen formaldehyde and sodium cyanide. It is also a penetration enhancer, meaning it breaks down the skin's protective barrier, going directly into the bloodstream. Tetrasodium EDTA has been ranked as a "top 5" chemical to avoid. Bubble & Bee Organic, Top Five Chemicals to Avoid, http://www.bubbleandbee.com/topfivechemicals.html (last visited August 21, 2014).

i.   ***Cetyl Alcohol*** – The FDA classifies cetyl alcohol as a synthetic fatty alcohol. 21 C.F.R. § 172.864.

7.   Aveeno Active Naturals Positively Nourishing Comforting Whipped Souffle, 6 oz, similarly contains many synthetic, unnatural ingredients, including but not limited to the following:

a.   ***Glycerin*** – *See* ¶ 5(a), *supra*.

b.   ***Caprylic/Capric Triglyceride*** – This ingredient is produced by chemical

SECOND AMENDED CLASS ACTION COMPLAINT

reactions between various fatty acids and glycerol.  It is a mixed triester derived from coconut oil and glycerin.  It is largely synthetic.

c.  **Isopropyl Palmitate** – Manufactured from the synthetic alcohol isopropyl and the fatty acid from palm oil, isopropyl palmitate is not considered natural.

d.  **Cetyl Alcohol** – *See* ¶ 6(i), *supra*.

e.  **Glyceryl Stearate SE** – This ingredient is an esterification product of glycerin and stearic acid.  Glyceryl stearate SE is produced by reacting an excess of stearic acid with glycerin.  The excess stearic acid is then reacted with potassium and/or sodium hydroxide, yielding a product that contains glyceryl stearate, as well as potassium stearate and/or sodium stearate.

f.  **Tocopheryl Acetate** – Tocopheryl acetate is a synthetic ester of acetic acid and tocopherol.

g.  **Carbomer** – Carbomer is a synthetic acrylic polymer.

h.  **Fragrance** – *See* ¶ 6(f), *supra*.

i.  **Disodium EDTA** – Disodium EDTA is a synthetic salt of edetic acid.

j.  **Methylisothiazolinone** – This ingredient is a synthetic cosmetic preservative.  It is a powerful biocide that has been linked to brain and nerve cell damage.

k.  **Sodium Hydroxide** – This ingredient is a manufactured chemical, an inorganic compound which controls the pH levels in creams, and a buffering agent.  It is considered a strong irritant.  Sodium hydroxide is also known as lye, caustic soda, soda lye, or sodium hydrate.  According to the National Institute for Occupation Safety and Health, it irritates the eyes, skin, and mucous membrane, and may cause pneumonitis.  It is classified as "expected to be toxic or harmful," and one or more animal studies show brain and nervous system, metabolic, and sense organ effects at very low doses.  There are warnings regarding using this ingredient around the eyes or mouth.  It has been linked to cancer, specifically of the esophagus.

8.      Aveeno Active Naturals Nourish+ Moisturize Shampoo, 10.5 oz, similarly contains many synthetic, unnatural ingredients, including but not limited to the following:

a.  **Ammonium Lauryl Sulfate** – Ammonium lauryl sulfate is a synthetic ammonium salt of sulfated ethoxylated lauryl alcohol.  The Green Beaver Company lists it as an ingredient to avoid.  Green Beaver, Ingredients to

SECOND AMENDED CLASS ACTION COMPLAINT

Avoid, http://www.greenbeaver.com/ingredients/.

b.  **Dimethicone** – Dimethicone is what chemists call a "silicon-based polymer"—"polymer" meaning it is a large molecule made up of several smaller units bonded together.  Simply put, dimethicone is a silicon oil that is man-made in the laboratory.

c.  **Sodium Cumenesulfonate** – This ingredient is a hydrotropic substance used as a coupling agent, viscosity modifier, solubilizer, and cloud point and crystallization temperature depressant in liquid cleaning, washing, and laundry detergents, wax strippers, and metalworking cleaners.

d.  **Cocamide MEA** – Made by mixing the fatty acids from coconut oil and monoethanolamine (MEA), this ingredient may contain traces of cocamide DEA, which, according to the FDA, may lead to the formation of carcinogenic nitrosamines.  The CIR Expert Panel has acknowledged that MEA can react with an aldehyde to form DEA, which then can be nitrosated.  The Green Beaver Company has listed cocamide MEA as an ingredient to avoid.    Green Beaver, Ingredients to Avoid, http://www.greenbeaver.com/ingredients/.

e.  **Cetyl Alcohol** – *See* ¶ 6(i), *supra*.

f.  **Acrylates Copolymer** – Acrylates copolymer is a general term for copolymers of two or more monomers consisting of acrylic acid, methacrylic acid, or one of their simple esters.

g.  **Cocamidopropyl betaine** – Cocamidopropyl betaine is a synthetic surfactant.  It has been associated with irritation and allergic contact dermatitis.

h.  **Fragrance** – *See* ¶ 6(f), *supra*.

i.  **Phenoxyethanol** – *See* ¶ 5(d), *supra*.

j.  **Tetrasodium EDTA** – *See* ¶ 6(h), *supra*.

k.  **Polyquaternium-10** – Polyquaternium-10 is a polymeric quaternary ammonium synthetic derivative of hydroxyethyl cellulose.

l.  **Glycerin** – *See* ¶ 5(a), *supra*.

9.  Aveeno Active Naturals Nourish+ Moisturize Conditioner, 10.5 oz, similarly contains many synthetic, unnatural ingredients, including but not limited to the following:

a.  **Dimethicone** – *See* ¶ 8(b), *supra*.

SECOND AMENDED CLASS ACTION COMPLAINT

b.  ***Cyclopentasiloxane***  – Cyclopentasiloxane is a synthetic silicone oil.

c.  ***Cetyl Alcohol*** – *See* ¶ 6(i), *supra*.

d.  ***Behetrimorium Methosulfate*** – This ingredient is synthetically created from modified rapeseed oil.

e.  ***Glycerin*** – *See* ¶ 5(a), *supra*.

f.  ***Fragrance*** – *See* ¶ 6(f), *supra*.

g.  ***Stearyl Alcohol*** – The FDA classifies stearyl alcohol as a synthetic fatty alcohol.  21 C.F.R. § 172.864.

h.  ***Phenoxyethanol*** – *See* ¶ 5(d), *supra*.

i.  ***Polyquaternium-7*** – This ingredient is a synthetic polymer based on quaternary ammonium compounds.

j.  ***Hydroxyethylcellulose*** – Hydroxyethylcellulose is a modified cellulose polymer.  It is used as a gelling and thickening agent.

k.  ***Amodimethicone*** – Amodimethicone is a synthetic conditioning agent.

l.  ***Cetrimonium Chloride*** – Cetrimonium chloride is a synthetic antiseptic agent with antistatic, emulsifying, and detergent properties.

10.    Through its deceptive practice of marketing and selling the Products as "Active Naturals" despite the presence of synthetic ingredients, Defendant was able to command a premium price by deceiving consumers about the attributes of the Products and distinguishing the Products from similar personal care products, including but not limited to other moisturizing oils, shave gels and shaving creams, and daily scrubs.  Defendant was motivated to mislead consumers for no other reason than to take away market share from competing products, thereby increasing its own profits.

11.    "Unnatural" is a defining characteristic of synthetic ingredients.

12.    Because Aveeno contains synthetic, unnatural ingredients, Defendant's "Active Naturals" claims on the Product labeling and in the Product marketing are false, misleading, and

designed to deceive consumers into purchasing the Products.

13.     By labeling and advertising the Products as "Active Naturals," Defendant creates the impression amongst reasonable consumers that the Products are natural.   However, Defendant fails to adequately inform consumers that the Products contain numerous synthetic, unnatural, and dangerous ingredients.   Indeed, Defendant only lists the synthetic, unnatural ingredients in the Products on the back of the Product packaging in small, hard-to-read print and, even then, fails to inform consumers that many of the ingredients listed are synthetic and unnatural.  Moreover, Defendant omits the synthetic, unnatural ingredients from its website.

14.     Were it not for Defendant's unfair and deceptive practices, Plaintiffs and the members of the classes (the "Class" or "Classes," as defined below) would not have purchased Defendant's Aveeno "Active Naturals" Products or paid a price premium to purchase them. Plaintiffs bring this action to stop Defendant's misleading practice.

## JURISDICTION AND VENUE

15.     This court has jurisdiction over all causes of action asserted herein pursuant to the Class Action Fairness Act of 2005, under 28 U.S.C. § 1332(d), because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, exclusive of interest and costs, and there is diversity of citizenship between proposed Class members and Defendant.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).  A substantial part of the events or omissions giving rise to Plaintiffs' claims, including but not limited to Defendant's dissemination of false and misleading information regarding the Products, occurred within this District.

## PARTIES

### Plaintiff Michael Goldemberg

17.     Plaintiff Michael Goldemberg is a citizen of New York residing in White Plains, New York.

18.     During the two (2) years prior to the commencement of this action, Mr. Goldemberg bought the following Products at CVS, Target, and/or other stores in New York:

- Aveeno Active Naturals Creamy Moisturizing Oil, 12 fl oz;
- Aveeno Active Naturals Therapeutic Shave Gel, 7 fl oz;
- Aveeno Active Naturals Positively Smooth Shave Gel, 7 fl oz;
- Aveeno Active Naturals Positively Nourishing Comforting Whipped Souffle, 6 oz;
- Aveeno Active Naturals Nourish+ Moisturize Shampoo, 10.5 fl oz; and
- Aveeno Active Naturals Nourish+ Moisturize Conditioner, 10.5 fl oz.

19.     Mr. Goldemberg purchased the Products, for which he paid a price premium, because he wanted to use personal care products that were natural.  Had Mr. Goldemberg known at the time that the Products were not, in fact, natural products but were, instead, made with unnatural, synthetic ingredients, he would not have purchased the Products or paid a price premium to purchase them.

20.     If Mr. Goldemberg knew the Product labels were truthful and non-misleading, he would continue to purchase the Products in the future.  At present, however, Mr. Goldemberg cannot be confident that the labeling of the Products is, and will be, truthful and non-misleading.

### Plaintiff Annie Le

21.     Plaintiff Annie Le is a citizen of California residing in San Francisco, California.

22.     Ms. Le bought the following Products at the following locations in California or online, as indicated, during the following time periods:

| Product | Locations | Time Period |
|---|---|---|
| Aveeno Active Naturals Daily Moisturizing Lotion, 18 fl oz | - Target in San Diego, San Dimas, Santa Monica, and San Francisco;<br>- Wal-Mart in San Diego and Orange County;<br>- Costco / Price Club in San Diego, San Dimas, and San Francisco;<br>- Lucky's in San Diego;<br>- Walgreens in San Diego and San Francisco;<br>- Rite Aid in San Diego and San Dimas | Since 1998 |
| Aveeno Active Naturals Daily Moisturizing Lotion with Broad Spectrum SPF 15, 12 fl oz | - Target in San Diego, San Dimas, Santa Monica, and San Francisco<br>- Costco in San Francisco | The previous four (4) years |
| Aveeno Active Naturals Skin Relief 24hr Moisturizing Lotion, 12 fl oz | - Target in San Diego, San Dimas, Santa Monica, and San Francisco<br>- Wal-Mart in San Diego and Orange County | The previous five (5) years |
| Aveeno Active Naturals Positively Nourishing Energizing Body Lotion, 7 oz | - Wal-Mart in San Diego and Orange County | The previous two (2) years |
| Aveeno Active Naturals Positively Ageless Firming Body Lotion, 8 oz | - Amazon.com<br>- Target in San Diego, San Dimas, Santa Monica, San Francisco | The previous three (3) years |
| Aveeno Active Naturals Positively Radiant Makeup Removing Wipes, 25 count | - Wal-Mart in San Diego and Orange County | The previous three (3) years |
| Aveeno Active Naturals Positively Ageless Youth Perfecting Moisturizer Broad Spectrum SPF 30, 2.5 fl oz | - Wal-Mart in San Diego and Orange County<br>- Walgreens in San Diego and San Francisco | The previous three (3) years |
| Aveeno Active Naturals Positively Ageless Lifting & Firming Eye Cream, 0.5 oz | - Target in San Francisco, San Diego, and Orange County<br>- Costco in San Dimas and San Francisco<br>- Walgreens in San Diego and San Francisco | The previous four (4) years |

| Aveeno Active Naturals Positively Radiant Daily Moisturizer Broad Spectrum SPF 15, 4 fl oz | - Costco in San Francisco and San Dimas<br>- Amazon.com<br>- Walgreens in San Diego and San Francisco | The previous six (6) years |
|---|---|---|
| Aveeno Active Naturals Daily Moisturizing Body Wash, 18 fl oz | - Target in San Diego, Santa Monica, and San Francisco<br>- Wal-Mart in San Diego | The previous three (3) years |

23.     Ms. Le purchased the Products, for which she paid a price premium, because she wanted to use personal care products that were natural.  Had Ms. Le known at the time that the Products were not, in fact, natural products but were, instead, made with unnatural, synthetic ingredients, she would not have purchased the Products or paid a price premium to purchase them.

24.     If Ms. Le knew the Product labels were truthful and non-misleading, she would continue to purchase the Products in the future.  At present, however, Ms. Le cannot be confident that the labeling of the Products is, and will be, truthful and non-misleading.

**Plaintiff Howard Petlack**

25.     Plaintiff Howard Petlack is a citizen of Florida residing in Wellington, Florida.

26.     During the four (4) years prior to the commencement of this action, Mr. Petlack bought the following Products at his local Target in Florida:

- Aveeno Active Naturals Daily Moisturizing Body Wash;
- Aveeno Active Naturals Skin Relief Body Wash;
- Aveeno Active Naturals Therapeutic Shave Gel, 7 oz; and
- Aveeno Active Naturals Moisturizing Bar, 3.5 oz.

27.     Mr. Petlack purchased the Products, for which he paid a price premium, because he wanted to use personal care products that were natural.  Had Mr. Petlack known at the time that the Products were not, in fact, natural products but were, instead, made with unnatural,

SECOND AMENDED CLASS ACTION COMPLAINT

synthetic ingredients, he would not have purchased the Products or paid a price premium to purchase them.

28.     If Mr. Petlack knew the Product labels were truthful and non-misleading, he would continue to purchase the Products in the future.  At present, however, Mr. Petlack cannot be confident that the labeling of the Products is, and will be, truthful and non-misleading.

**Defendant Johnson & Johnson Consumer Companies, Inc.**

29.     Defendant Johnson & Johnson Consumer Companies, Inc. is a corporation incorporated under the laws of the state of New Jersey

30.     Defendant's principal executive office is located at Johnson & Johnson Consumer Companies, Inc., 199 Grandview Road, Skillman, New Jersey 08558.

31.     Defendant markets the Products to consumers, and sells the Products to distributors, throughout the states of New York, California, and Florida.

**SUBSTANTIVE ALLEGATIONS**

32.     Defendant sells several types of personal care products under the "Aveeno" brand that are widely consumed by both children and adults.  Each variety of Aveeno at issue is sold with a label on the front of the Product that prominently states "Active Naturals."  *See, e.g.*, http://www.aveeno.com/skincare/products/creamy-moisturizing-oil (last visited August 21, 2014); http://www.aveeno.com/skincare/products/therapeutic-shave-gel (last visited August 21, 2014); http://www.aveeno.com/skincare/products/positively-smooth-shave-gel (last visited August 21, 2014); http://www.aveeno.com/facialcare/daily-detoxifying-scrub (last visited August 21, 2014).  Accordingly, all purchasers of the Products are exposed to the false and misleading "Active Naturals" representation.

33.     Defendant's website also makes the "Active Naturals" representation in

connection with the Aveeno Products.

34.     Additionally, Defendant systematically conveys the "Active Naturals" misrepresentation in advertising and on social media websites, such as Facebook.  *See, e.g.*, http://www.facebook.com/aveeno.

35.     The Aveeno website also features numerous slogans and representations to induce the purchaser into believing the Products are natural.  For example, with respect to Aveeno Active Naturals Creamy Moisturizing Oil, 12 fl oz, the website states as of August 21, 2014:

- This light body lotion moisturizes all day long to leave skin feeling soft and silky, without the greasy feel of body oil.  Its breakthrough formula combines ACTIVE NATURALS® Colloidal Oatmeal, long known for its ability to soothe dry skin, with a blend of natural oils and rich emollients that work together to replenish skin's natural moisture. It has a light fragrance.

http://www.aveeno.com/skincare/products/creamy-moisturizing-oil.

36.     With respect to Aveeno Active Naturals Positively Smooth Shave Gel, 7 oz, the website states as of August 21, 2014:

- This creamy shaving gel is uniquely formulated with natural soy and rich emollients to help immediately soften and condition hair, making it easier for you to get a closer shave and to shave less often with continued use. The clean-rinsing formula helps prevent nicks, cuts and even razor burn by helping to hydrate and moisturize skin.  It's even gentle enough to use on sensitive skin.

http://www.aveeno.com/product/aveeno-+positively+smooth-+shave+gel+.do?sortby=ourPicks& from=fn.

37.     On its website Defendant also makes numerous statements and representations to reinforce the "Active Naturals" part of its brand, emphasizing the perceived health, efficacy, and safety benefits of using natural personal care products.  For example, on a page titled "About AVEENO®", Defendant made the following representations on March 12, 2013:

> *__Throughout the years, AVEENO® has continued [its] story of discovery__*
> *__and passion for unlocking the power of nature through scientific__*
> *__advances to benefit humankind.__*  *AVEENO®, the leader in ACTIVE*
> *NATURALS®, continues to develop breakthrough product formulations*
> *with new and existing natural ingredients, many that are clinically*
> *proven to deliver real skin care benefits leaving you with healthier-*
> *looking, beautiful skin.*  No wonder AVEENO® has been endorsed and
> recommended by dermatologists and pediatricians for over 60 years and is
> the brand trusted most by dermatologists *for the efficacy and safety of its*
> *natural ingredients*.

*See* http://web.archive.org/web/20130115195608/http://www.aveeno.com/about-aveeno (last

visited August 21, 2014) (emphasis added) (Internet Archive webpage showing "About

Aveeno®" web page as of January 15, 2013).  As of August 21, 2014, Defendant continues to

make similar representations on the "About AVEENO" webpage, such as the following:

> *__We use only high-quality natural ingredients__*—grown in regions
> that provide an ideal environment for the plant to thrive and
> produce beneficial ACTIVE NATURALS® ingredients.
>
> Our scientists follow high standards of ingredient selection,
> formulation and manufacturing, with processes that retain the
> strength and purity of the ingredients.
>
> Learn more about the magic of ACTIVE NATURALS®
> ingredients—sourced from nature, uniquely formulated and
> scientifically proven to deliver real skin and hair care benefits.

http://www.aveeno.com/category/our-mission.do (last visited August 21, 2014) (emphasis

added).

   38.   Further, on the Aveeno Facebook page, Defendant prominently states "[w]e

believe nature has the power to make life beautiful - to soothe, heal, and even transform."

http://www.facebook.com/aveeno (last visited August 21, 2014).

   39.   Nutrition-related health claims on products cause consumers to believe those

products are healthier than other products and to be more willing to purchase products with such

claims.  *See* Karen N. Peart, *Parents Often Misled by Health Claims on Children's Cereal*

*Packages*, Yale News (Aug. 10, 2011), http://news.yale.edu/2011/08/10/parents-often-misled-health-claims-childrens-cereal-packages (last visited August 21, 2014).  Furthermore, "labels can strongly impact consumer behavior."  Linda Casy, *Packaging's Role in Deterring Junk Food Consumption*, PACKAGING DIGEST (Apr. 11, 2011).  Consumers, including Plaintiffs and the Class members, frequently rely on label representations and information in making purchase decisions.

40.    Despite knowing that synthetic ingredients are not natural and that its Products contain synthetic ingredients, Defendant has engaged in a widespread marketing and advertising campaign to portray the Products as "Active Naturals" and to otherwise represent that the Products are natural.  Defendant engaged in this misleading and deceptive campaign to charge a premium and take away market share from other similar products.

41.    Research shows that products purported to be "natural," such as the Aveeno Products at issue, are often priced higher than equivalent products, suggesting that companies, including Defendant, are taking advantage of consumer confusion between certified organic labels and the often deceptive " natural" label.  *See* Cornucopia Institute, Cereal Crimes: How "Natural" Claims Deceive Consumers and Undermine the Organic Label – A Look Down the Cereal and Granola Aisle, at 29 (2011), *available at* http://www.cornucopia.org/2011/10/natural-vs-organic-cereal/ (scroll down and click "Read the Full Report").  Defendant makes claims regarding the "naturalness" of the Products to induce consumers to purchase them over competing ones and to pay a premium for those Products over competing ones.

42.    Defendant's representations that the Products are natural (including but not limited to the "Active Naturals" representation), described above, are false because products containing synthetic ingredients are unnatural by definition.  A reasonable consumer believes,

based on Defendant's representations discussed above, that Defendant's Products do not contain harmful, synthetic, unnatural ingredients; in fact, however, the Products *do* contain such ingredients.

43.     Plaintiffs and the other Class members were among the intended recipients of Defendant's deceptive representations and omissions described herein.  Defendant's deceptive representations and omissions, as described herein, are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.    Plaintiffs purchased the Products because they wanted natural personal care products.  Plaintiffs were injured by Defendant's deceptive representations and omissions because they would not have purchased the Products had they been truthfully advertised and labeled and because they paid a price premium for Defendant's Products.

44.     The materiality of the representations and omissions described herein also establishes causation between Defendant's conduct and the injuries Plaintiffs and the Class members sustained.

45.     Defendant's false, misleading, and deceptive misrepresentations and omissions, as described herein, are likely to continue to deceive and mislead reasonable consumers and the general public.  Indeed, they have already deceived and misled Plaintiffs and the other Class members.

46.     In making the false, misleading, and deceptive representations and omissions, Defendant knew and intended that consumers would pay a premium for the Products over comparable products that are not "natural."

47.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions (as detailed herein), Defendant injured Plaintiffs

and the other Class members in that they:

- paid a sum of money for Products that were not as represented;

- paid a premium price for Products that were not as represented;

- were deprived of the benefit of the bargain because the Products they purchased were different than what Defendant warranted;

- were deprived of the benefit of the bargain because the Products they purchased had less value than what was represented by Defendant; and

- did not receive Products that measured up to their expectations as created by Defendant.

48.    Plaintiffs and the other Class members all paid money for the Products.  However, Plaintiffs and the other Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions, as detailed herein.  Plaintiffs and the other Class members purchased, purchased more of, or paid more for, the Products than they would have had they known the truth about the Products' unnaturalness.  Thus, Plaintiffs and the other Class members have suffered injury in fact and lost money or property as a result of Defendant's wrongful conduct.

49.    Defendant's widespread marketing campaign portraying the Products as "Active Naturals" and otherwise representing them to be natural, as detailed herein, is misleading and deceptive to consumers because the Products are made with unnatural, synthetic ingredients. Defendant's Product labeling, marketing, and other materials do not disclose this fact by means of qualifying language or otherwise remedy the deception.  Plaintiffs bring this action on behalf of the proposed Class to stop Defendant's misleading practice.

## CLASS ALLEGATIONS

50.    Plaintiff Michael Goldemberg brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class (the "New York

Class"):

> All persons who purchased Defendant's Products in New York during the applicable limitations period.  Excluded from the New York Class are current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, or assigns, and any entity in which they have or have had a controlling interest.  Also excluded from the New York Class is the judicial officer to whom this lawsuit is assigned.

51.     Further, Plaintiff Annie Le brings this action as a class action pursuant to Rule 23

of the Federal Rules of Civil Procedure on behalf of the following class (the "California Class"):

> All persons who purchased Defendant's Products in California during the applicable limitations period.  Excluded from the California Class are current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, or assigns, and any entity in which they have or have had a controlling interest.  Also excluded from the California Class is the judicial officer to whom this lawsuit is assigned.

52.     Further, Plaintiff Howard Petlack brings this action as a class action pursuant to

Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class (the "Florida

Class"):

> All persons who purchased Defendant's Products in Florida during the applicable limitations period.  Excluded from the Florida Class are current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, or assigns, and any entity in which they have or have had a controlling interest.  Also excluded from the Florida Class is the judicial officer to whom this lawsuit is assigned.

53.     Within this Second Amended Class Action Complaint, Plaintiffs refer to the New

York Class, the California Class, and the Florida Class, collectively, as the "Class" or the

"Classes."

54.     Plaintiffs reserve the right to revise the Class definitions based on facts learned in

the course of litigating this matter.

55.     At this time, Plaintiffs do not know the exact number of the Class members; however, given the nature of the claims and the number of retail stores selling Defendant's Products in New York, California, and Florida, Plaintiffs believe the Class members are so numerous that joinder of all members is impracticable.

56.     Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include but are not limited to:

a.      Whether Defendant labeled, marketed, advertised, and/or sold the Products to Plaintiffs and those similarly situated using false, misleading, and/or deceptive statements or representations, including statements or representations concerning the ingredients of the Products;

b.      Whether Defendant omitted and/or misrepresented material facts in connection with the sales of the Products;

c.      Whether Defendant participated in and pursued the common course of conduct complained of herein;

d.      Whether Defendant has been unjustly enriched; and

e.      Whether Defendant's labeling, marketing, advertising, and/or selling of the Products with the representation "Active Naturals" as described herein constitutes a deceptive consumer sales practice.

57.     Plaintiffs' claims are typical of those of the Class members because Plaintiffs and the other Class members sustained damages arising out of the same wrongful conduct, as detailed herein.

58.     Plaintiffs will adequately protect the interests of the Class members.  Plaintiffs have retained counsel that are experienced in litigating complex class actions.  Neither Plaintiffs nor their counsel have any interests adverse to those of the other Class members.

59.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The damages suffered by any individual class member are too

small to make it economically feasible for an individual class member to prosecute a separate action, and it is desirable for judicial efficiency to concentrate the litigation of the claims in this forum.  Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.  There will be no difficulty in the management of this action as a class action.

60.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

61.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interests of all members of the Class, although certain Class members are not parties to such actions.

62.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiffs seek, *inter alia*, equitable remedies with respect to the Class as a whole.  As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Violation of New York General Business Law Section 349)**
**(By Plaintiff Michael Goldemberg, on Behalf of Himself and the New York Class)**

63.     Plaintiff Michael Goldemberg repeats each and every allegation contained in paragraphs one (1) through sixty-two (62) above and incorporates such allegations by reference herein.

64.     Plaintiff Goldemberg brings this cause of action on behalf of himself and on behalf of the New York Class for violation of New York General Business Law section 349.

65.     As detailed more fully herein, Defendant engaged in deceptive acts and practices by falsely and misleadingly marketing the Products to consumers, including through the use of false and misleading Product labeling.

66.     As fully alleged above, by advertising, marketing, distributing, and/or selling the Products to Mr. Goldemberg and the other members of the New York Class, Defendant engaged in and continues to engage in deceptive acts, practices, and omissions.

67.     Mr. Goldemberg and the other members of the New York Class further seek to enjoin such unlawful deceptive acts and practices as described above.  Each of the New York Class members will be irreparably harmed unless the unlawful actions of Defendant are enjoined, in that Defendant will continue to falsely and misleadingly advertise the Products using the representation "Active Naturals" and other similar representations, as detailed more fully herein, when in fact the Products contain synthetic ingredients.  Absent injunctive relief, Defendant will continue to manufacture and sell its personal care Products using the representation "Active Naturals" and other similar representations, as detailed more fully herein, to the detriment of consumers.

68.     By reason of the foregoing, Defendant's conduct, as alleged herein, constitutes deceptive acts and practices in violation of New York General Business Law section 349, and Defendant is liable to Mr. Goldemberg and the other members of the New York Class for the actual damages they have suffered as a result of Defendant's actions.  The amount of such damages is to be determined at trial, but will not be less than $50.00.

69.     Therefore, Plaintiff Michael Goldemberg prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Breach of Express Warranties under New York Common Law)
### (By Plaintiff Michael Goldemberg, on Behalf of Himself and the New York Class)

70.     Plaintiff Michael Goldemberg repeats each and every allegation contained in paragraphs one (1) through sixty-two (62) above and incorporates such allegations by reference herein.

71.     Plaintiff Goldemberg brings this cause of action on behalf of himself and on behalf of the New York Class for breach of express warranty under New York common law.

72.     Defendant provided Mr. Goldemberg and the New York Class members with written express warranties, including but not limited to warranties that the Products were "Active Naturals," as set forth above.

73.     Defendant breached these warranties by providing Products that contained synthetic ingredients and that did not otherwise conform to the warranties.

74.     This breach resulted in damages to Mr. Goldemberg and the New York Class members, who bought Defendant's Products but did not receive the goods as warranted, in that the Products were not natural because they contained synthetic ingredients.

75.     As a proximate result of Defendant's breach of warranties, Mr. Goldemberg and the New York Class members have suffered damages in an amount to be determined by the Court and/or jury, in that, among other things, they purchased and paid for Products that did not conform to what Defendant promised in its Product promotion, marketing, advertising, packaging, and labeling, and they were deprived of the benefit of their bargain and spent money on Products that did not have any value or had less value than warranted or Products that they would not have purchased and used had they known the true facts about them.

76.     Therefore, Plaintiff Michael Goldemberg prays for relief as set forth below.

**THIRD CAUSE OF ACTION** [2]
**(Unjust Enrichment under New York Common Law)**
**(By Plaintiff Michael Goldemberg, on Behalf of Himself and the New York Class)**

77.     Plaintiff Michael Goldemberg repeats each and every allegation contained in paragraphs one (1) through sixty-two (62) above and incorporates such allegations by reference herein.

78.     Plaintiff Goldemberg brings this claim for unjust enrichment under New York common law on behalf of himself and on behalf of the New York Class members.

79.     As a result of Defendant's deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales of the Products, Defendant was enriched at the expense of Mr. Goldemberg and the other New York Class members, through the payment of the purchase price for Defendant's Products.

80.     Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits that it received from Mr. Goldemberg and the other New York Class members in light of the fact that the Products purchased by Mr. Goldemberg and the other New York Class members were not what Defendant purported them to be.  Thus, it would be unjust or inequitable for Defendant to retain the benefit without restitution to Mr. Goldemberg and the other New York Class members for the monies paid to Defendant for such Products.

81.     Therefore, Plaintiff Michael Goldemberg prays for relief as set forth below.

---

[2] The Court dismissed Mr. Goldemberg's claim for unjust enrichment under New York common law in its Memorandum and Order dated March 27, 2014 (Doc. No. 20).  Plaintiffs include this claim herein only to preserve it for appeal.

**FOURTH CAUSE OF ACTION**
**(Violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*)**
**(By Plaintiff Annie Le, on Behalf of Herself and the California Class)**

82.     Plaintiff Annie Le repeats each and every allegation contained in paragraphs one (1) through sixty-two (62) above and incorporates such allegations by reference herein.

83.     Plaintiff Le brings this cause of action on behalf of herself and on behalf of the California Class for violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* (the "FAL").

84.     At all relevant times, Defendant has engaged, and continues to engage, in a public advertising and marketing campaign representing that the Products are "Active Naturals."

85.     The Products are in fact made from numerous synthetic ingredients, which are not natural.   Defendant's advertisements and marketing representations are, consequently, misleading, untrue, and likely to deceive reasonable consumers.

86.     Defendant engaged in its advertising and marketing campaign with intent to directly induce consumers, including Ms. Le and the California Class members, to purchase the Products based on false and misleading claims.

87.     In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading.

88.     Ms. Le and the California Class members believed Defendant's representations that the Products were "Active Naturals."  Ms. Le and the other California Class members would not have purchased the Products had they known the Products contained synthetic ingredients.

89.     Ms. Le and the California Class members were injured in fact and lost money as a result of Defendant's conduct of improperly describing the Products as "Active Naturals."  Ms. Le and the California Class members paid for Products that were "Active Naturals" but did not

receive such Products.

90.     The Products Ms. Le and the California Class members received were worth less than the Products for which they paid.  Ms. Le and the California Class members paid a premium price on account of Defendant's misrepresentations that the Products were "Active Naturals."

91.     Ms. Le and the California Class members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief enjoining Defendant from continuing to disseminate its untrue and misleading statements, and other relief allowable under California Business and Professions Code section 17535.

92.     Therefore, Plaintiff Annie Le prays for relief as set forth below.

## FIFTH CAUSE OF ACTION
**(Violation of California's Unfair Competition Law, Cal. Bus. & Prof Code § 17200 *et seq.*)**
**(By Plaintiff Annie Le, on Behalf of Herself and the California Class)**

93.     Plaintiff Annie Le repeats each and every allegation contained in paragraphs one (1) through sixty-two (62) above and incorporates such allegations by reference herein.

94.     Plaintiff Le brings this cause of action on behalf of herself and on behalf of the California Class for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL").

95.     The circumstances giving rise to the allegations of Ms. Le and the California Class members include Defendant's corporate policies regarding the sale and marketing of the Products.

96.     Under the UCL, "unfair competition" means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [the FAL]."  Cal. Bus. & Prof. Code § 17200.

97.     By engaging in the acts and practices described above, Defendant committed one

or more acts of "unfair competition" as the UCL defines that term.

98.     Defendant committed, and continues to commit, "unlawful" business acts or practices by, among other things, violating the FAL, as described above.

99.     Defendant committed, and continues to commit, "unfair" business acts or practices by, among other things:

> a.      engaging in conduct for which the utility of the conduct, if any, is outweighed by the gravity of the consequences to Ms. Le and the members of the California Class;
>
> b.      engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Ms. Le and the members of the California Class; and
>
> c.      engaging in conduct that undermines or violates the spirit or intent of the consumer protection laws that Plaintiffs allege Defendant violated in this Second Amended Class Action Complaint.

100.    Defendant committed unlawful, unfair, and/or fraudulent business acts or practices by, among other things, engaging in conduct Defendant knew or should have known was likely to and did deceive reasonable consumers, including Ms. Le and the California Class members.

101.    As detailed above, Defendant's unlawful, unfair, and/or fraudulent practices include making false and/or misleading representations that the Products were "Active Naturals."

102.    Ms. Le and the California Class members believed Defendant's representations that the Products were "Active Naturals."  Ms. Le and the California Class members would not have purchased the Products, but for Defendant's misleading statements about the Products being "Active Naturals."

103.    Ms. Le and the California Class members were injured in fact and lost money as a result of Defendant's conduct of improperly describing the Products as "Active Naturals."  Ms.

Le and the California Class members paid for Products that were "Active Naturals," but did not receive Products that were "Active Naturals." Instead, Ms. Le and the California Class members received Products that contained ingredients that were synthetic, as detailed herein.

104.    Ms. Le and the California Class members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief, and other relief allowable under California Business and Professions Code section 17203, including but not limited to enjoining Defendant from continuing to engage in its unfair, unlawful and/or fraudulent conduct alleged herein.

105.    Therefore, Plaintiff Annie Le prays for relief as set forth below.

### SIXTH CAUSE OF ACTION
**(Violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*)**
**(By Plaintiff Annie Le, on Behalf of Herself and the California Class)**
**(Seeking Monetary Damages and Injunctive Relief)**

106.    Plaintiff Annie Le repeats each and every allegation contained in paragraphs one (1) through sixty-two (62) above and incorporates such allegations by reference herein.

107.    Plaintiff Le brings this cause of action on behalf of herself and on behalf of the California Class for violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the "CLRA").

108.    This claim seeks monetary damages and injunctive relief pursuant to California Civil Code section 1782.

109.    On July 16, 2014, Defendant agreed not to oppose Ms. Le's claim for monetary damages under the CLRA on the ground that Ms. Le has not complied with the notice requirements in California Civil Code section 1782. Defendant, however, has reserved the right to oppose Ms. Le's claim for monetary damages under the CLRA on all other grounds.

110.    Ms. Le and the California Class members are "consumers" as the CLRA defines

that term in California Civil Code section 1761(d).

111.    Defendant sold the Products, which are "goods" within the meaning of California Civil Code section 1761(a), to Ms. Le and the California Class members.

112.    Defendant's actions, representations, and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

113.    Under section 1770(a) of the CLRA:

> (a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> * * * * *
>
> (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.
>
> * * * * *
>
> (9) Advertising goods or services with intent not to sell them as advertised.
>
> * * * * *
>
> (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

114.    By engaging in the actions, misrepresentations, and misconduct set forth herein, Defendant violated, and continues to violate, California Civil Code section 1770(a)(5) by misrepresenting that the Products are "Active Naturals" and have particular qualities that they do not have, namely, that they are "Active Naturals," when, in fact, they are not.

SECOND AMENDED CLASS ACTION COMPLAINT

115.    By engaging in the actions, misrepresentations, and misconduct set forth in this Second Amended Class Action Complaint, Defendant violated, and continues to violate, California Civil Code section 1770(a)(9), by advertising the Products as "Active Naturals" with intent to sell the Products not as they were advertised.

116.    By engaging in the actions, misrepresentations, and misconduct set forth in this Second Amended Class Action Complaint, Defendant violated, and continues to violate, California Civil Code section 1770(a)(16) by misrepresenting that the subjects of transactions have been supplied in accordance with previous representations (*i.e.*, that the Products were "Active Naturals"), when they were not.

117.    Defendant violated the CLRA by representing through its Product labeling and advertisements the Products as described above when it knew, or should have known, that the representations, labeling, and advertisements were unsubstantiated, false, and misleading.

118.    Ms. Le and the California Class members believed Defendant's representations that the Products were "Active Naturals."  Ms. Le and the California Class members would not have purchased the Products, but for Defendant's misleading statements about the Products being "Active Naturals."

119.    Ms. Le and the California Class members were injured in fact and lost money as a result of Defendant's conduct of improperly describing the Products as "Active Naturals."  Ms. Le and the California Class members paid for Products that were "Active Naturals" but did not receive such Products, since the Products contained synthetic ingredients.

120.    Pursuant to California Civil Code section 1780(a)(1), (3), (4), and (5), Ms. Le and the California Class members seek compensatory damages, punitive damages to the extent the law permits, and restitution of Defendant's ill-gotten gains due to its unlawful methods, acts, and

practices described herein, as well as any other relief the Court deems proper.

121.    Ms. Le and the California Class members request that this Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to California Civil Code section 1780(a)(2).  If Defendant is not restrained from engaging in these types of practices in the future, Ms. Le and the California Class members will be harmed in that they will continue to be unable to rely on Defendant's representations that the Products are "Active Naturals."

122.    Therefore, Plaintiff Annie Le prays for relief as set forth below.

**SEVENTH CAUSE OF ACTION**
**(Breach of Express Warranties under California Common Law)**
**(By Plaintiff Annie Le, on Behalf of Herself and the California Class)**

123.    Plaintiff Annie Le repeats each and every allegation contained in paragraphs one (1) through sixty-two (62) above and incorporates such allegations by reference herein.

124.    Plaintiff Le brings this cause of action on behalf of herself and on behalf of the California Class for breach of express warranty under California common law.

125.    Defendant provided Ms. Le and the California Class members with written express warranties, including but not limited to warranties that the Products were "Active Naturals," as set forth above.

126.    Defendant breached these warranties by providing Products that contained synthetic ingredients and that did not otherwise conform to the warranties.

127.    This breach resulted in damages to Ms. Le and the California Class members, who bought Defendant's Products but did not receive the goods as warranted, in that the Products were not natural because they contained synthetic ingredients.

128.    As a proximate result of Defendant's breach of warranties, Ms. Le and the

California Class members have suffered damages in an amount to be determined by the Court and/or jury, in that, among other things, they purchased and paid for Products that did not conform to what Defendant promised in its Product promotion, marketing, advertising, packaging, and labeling, and they were deprived of the benefit of their bargain and spent money on Products that did not have any value or had less value than warranted or Products that they would not have purchased and used had they known the true facts about them.

129.     Therefore, Plaintiff Annie Le prays for relief as set forth below.

**EIGHTH CAUSE OF ACTION**
**(Violation of the Florida Deceptive and Unfair Trade Practices Act,**
**Fla. Stat. § 501.201 *et seq.*)**
**(By Plaintiff Howard Petlack, on Behalf of Himself and the Florida Class)**

130.     Plaintiff Howard Petlack repeats each and every allegation contained in paragraphs one (1) through sixty-two (62) above and incorporates such allegations by reference herein.

131.     Plaintiff Petlack brings this cause of action on behalf of himself and on behalf of the Florida Class for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (the "FDUTPA").

132.     Section 501.204(1) of the FDUTPA makes "unfair or deceptive acts or practices in the conduct of any trade or commerce" unlawful.

133.     By labeling, advertising, marketing, distributing, and/or selling the Products with claims that they were "Active Naturals" to Mr. Petlack and the Florida Class members, Defendant violated the FDUTPA by engaging in, and it continues to violate the FDUPTA by continuing to engage in, unfair or deceptive acts or practices, by falsely and misleadingly describing the composition of the Products, since the Products contain numerous unnatural, synthetic ingredients.

SECOND AMENDED CLASS ACTION COMPLAINT
34

134.    Had Mr. Petlack and the Florida Class members known the Products were not, in fact, "Active Naturals" because they contained synthetic ingredients, they would not have purchased the Products and/or paid a premium price for the Products, as detailed herein.

135.    Mr. Petlack and the Florida Class members were injured in fact and lost money as a result of Defendant's conduct of improperly describing the Products as "Active Naturals."  Mr. Petlack and the Florida Class members paid for Products that were "Active Naturals," but did not receive such Products.

136.    The Products Mr. Petlack and the Florida Class members received were worth less than the Products for which they paid.

137.    Mr. Petlack and the Florida Class members seek to enjoin such unlawful acts and practices described above.  Each of the Florida Class members will be irreparably harmed unless the unlawful actions of Defendant are enjoined in that they will continue to be unable to rely on Defendant's representations that the Products are "Active Naturals."

138.    Mr. Petlack and the Florida Class members seek declaratory relief, injunctive relief prohibiting Defendant from continuing to disseminate its false and misleading statements, actual damages plus attorney's fees and court costs, and other relief allowable under the FDUTPA.

139.    Therefore, Plaintiff Howard Petlack prays for relief as set forth below.

### NINTH CAUSE OF ACTION
**(Breach of Express Warranties under Florida Common Law)**
**(By Plaintiff Howard Petlack, on Behalf of Himself and the Florida Class)**

140.    Plaintiff Howard Petlack repeats each and every allegation contained in paragraphs one (1) through sixty-two (62) above and incorporates such allegations by reference herein.

141.   Plaintiff Petlack brings this cause of action on behalf of himself and on behalf of the Florida Class for breach of express warranty under Florida common law.

142.   Defendant provided Mr. Petlack and the Florida Class members with written express warranties, including but not limited to warranties that the Products were "Active Naturals," as set forth above.

143.   Defendant breached these warranties by providing Products that contained synthetic ingredients and that did not otherwise conform to the warranties.

144.   This breach resulted in damages to Mr. Petlack and the Florida Class members, who bought Defendant's Products but did not receive the goods as warranted, in that the Products were not natural because they contained synthetic ingredients.

145.   As a proximate result of Defendant's breach of warranties, Mr. Petlack and the Florida Class members have suffered damages in an amount to be determined by the Court and/or jury, in that, among other things, they purchased and paid for Products that did not conform to what Defendant promised in its Product promotion, marketing, advertising, packaging, and labeling, and they were deprived of the benefit of their bargain and spent money on Products that did not have any value or had less value than warranted or Products that they would not have purchased and used had they known the true facts about them.

146.   Therefore, Plaintiff Howard Petlack prays for relief as set forth below.

## PRAYER FOR RELIEF

THEREFORE, Plaintiffs, individually and on behalf of the members of each of the Classes alleged in this Second Amended Class Action Complaint, demand judgment as follows:

A.     For an Order certifying the Classes proposed herein under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3); appointing Plaintiffs as representatives of the Classes as set

forth herein; and appointing their undersigned counsel as Class counsel;

B.      For a declaration that Defendant is financially responsible for notifying the Class members of the pendency of this suit;

C.      For declaratory and injunctive relief pursuant to section 349 of the New York General Business Law, without limitation;

D.      Monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law with respect to the common law claims alleged;

E.      Statutory damages in the maximum amount provided under all statutes set forth herein;

F.      Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

G.      For an order awarding Plaintiffs and the other Class members the reasonable costs and expenses of suit, including their attorneys' fees; and

H.      For any further relief that the Court may deem appropriate.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated: August 29, 2014                    Respectfully submitted,

                                          REESE RICHMAN LLP

                                          _/s/ George V. Granade_____
                                          George V. Granade
                                          *ggranade@reeserichman.com*
                                          Michael R. Reese
                                          *mreese@reeserichman.com*
                                          Kim E. Richman
                                          *krichman@reeserichman.com*
                                          875 Avenue of the Americas, 18th Floor

SECOND AMENDED CLASS ACTION COMPLAINT

New York, New York  10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
Todd S. Garber
*tgarber@fbfglaw.com*
D. Greg Blankinship
*gblankinship@fbfglaw.com*
1311 Mamaroneck Avenue, Suite 220
White Plains, New York 10605
Telephone: (914) 298-3281

*Interim Co-Lead Class Counsel*