UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
MICHAEL GOLDEMBERG, ANNIE LE, and : 
HOWARD PETLACK, on behalf of themselves and : 
all others similarly situated, :
: Civil Action No. 13-cv-03073-NSR-LMS
Plaintiffs, :
:
v. :
:
JOHNSON & JOHNSON CONSUMER :
COMPANIES, INC., :
:
Defendant. :
---------------------------------------------------------------- x

**DEFENDANT JOHNSON & JOHNSON CONSUMER COMPANIES' ANSWER
AND AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT**

Defendant Johnson & Johnson Consumer Companies, Inc. ("J&JCC"), by its undersigned attorneys, for its answer to the Second Amended Complaint ("Complaint") of plaintiffs Michael Goldemberg, Annie Le, and Howard Petlack, alleges as follows:

**NATURE OF THE ACTION**

1. Denies the allegations set forth in Paragraph 1 of the Complaint, except admits that it sells Aveeno® Products labeled as "Active Naturals®," and refers to the packaging and labels for each of the Products for their true, correct, and complete contents.

2. Denies the allegations set forth in Paragraph 2 of the Complaint, except admits that "Active Naturals®" appears on the Products' packaging.

3. With respect to the allegations set forth in paragraph 3 of the Complaint, admits that "Active Naturals®" is used on the Product website in connection with Aveeno® Products.

4. Denies the allegations set forth in Paragraph 4 of the Complaint.

5. Denies the allegations set forth in Paragraph 5 of the Complaint, except refers to the packaging of the Product described in that paragraph, which lists its true, correct and complete contents.

6. Denies the allegations set forth in Paragraph 6 of the Complaint, except refers to the packaging of the Product described in that paragraph, which lists its true, correct and complete contents.

7. Denies the allegations set forth in Paragraph 7 of the Complaint, except refers to the packaging of the Product described in that paragraph, which lists its true, correct and complete contents.

8. Denies the allegations set forth in Paragraph 8 of the Complaint, except refers to the packaging of the Product described in that paragraph, which lists its true, correct and complete contents.

9. Denies the allegations set forth in Paragraph 9 of the Complaint, except refers to the packaging of the Product described in that paragraph, which lists its true, correct and complete contents.

10. Denies the allegations set forth in paragraph 10 of the Complaint.

11. States that the allegations set forth in paragraph 11 of the Complaint consist of argument as to which no response is required, but to the extent any response is necessary, denies the allegations.

12. Denies the allegations set forth in paragraph 12 of the Complaint.

13. Denies the allegations set forth in paragraph 13 of the Complaint, except refers to the packaging of the Products for a true, correct, and complete depiction of their labels and

description of their contents, and refers to the website referenced in paragraph 13 for the true, correct and complete representations contained therein.

14. Denies the allegations set forth in paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15. With respect to the allegations set forth in paragraph 15 of the Complaint, admits that plaintiff purports to premise jurisdiction under 28 U.S.C. § 1332(d) and denies knowledge or information sufficient to form a belief as to whether there is diversity of citizenship between proposed class members and defendant.

16. Denies the allegations set forth in paragraph 16 of the Complaint, except admits that plaintiff purports to premise venue under 28 U.S.C. § 1391(a)(1) and 2.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

KL3 2988007.1

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. With respect to the allegations set forth in paragraph 29 of the Complaint, admits that it is a corporation incorporated under the laws of New Jersey.

30. With respect to the allegations set forth in paragraph 30 of the Complaint, admits that its principal office is at the address alleged.

31. With respect to the allegations set forth in paragraph 31 of the Complaint, admits that Defendant markets and sells some of its products in New York, California, and Florida.

## SUBSTANTIVE ALLEGATIONS

32. Denies the allegations set forth in paragraph 32 of the Complaint, except admits that Defendant sells personal care products under the Aveeno® brand, and that some Aveeno® Products state "Active Naturals" on the front label.

33. With respect to the allegation set forth in paragraph 33 of the Complaint, admits that its website uses the statement "Active Naturals®" in connection with the Aveeno® Products.

34. Denies the allegations set forth in paragraph 34 of the Complaint, except admits that the phrase "Active Naturals®" is used in connection with some of its advertising and on some social media websites.

35. Denies the allegations set forth in paragraph 35 of the Complaint, except refers to the Product's website for its true, correct and complete description.

36. With respect to the allegations set forth in paragraph 36 of the Complaint, Defendant refers to the Product's website for its true, correct and complete description.

37. With respect to the allegations set forth in paragraph 37 of the Complaint, Defendant refers to the "About Aveeno®" page of its website for the true, correct and complete representations contained on this page.

38. With respect to the allegations set forth in paragraph 38 of the Complaint, Defendant refers to its Facebook page for the true, correct and complete representation contained on this page.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Denies the allegations set forth in paragraph 40 of the Complaint.

41. Denies the allegations set forth in paragraph 41 of the Complaint.

42. Denies the allegations set forth in paragraph 42 of the Complaint.

43. Denies the allegations set forth in paragraph 43 of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' reason for purchasing the Products.

44. States that the allegations set forth in paragraph 44 of the Complaint consist of argument to which no response is required, but to the extent any response is necessary, denies the allegations.

45. Denies the allegations set forth in paragraph 45 of the Complaint.

46. Denies the allegations set forth in paragraph 46 of the Complaint.

47. Denies the allegations set forth in paragraph 47 of the Complaint.

48. Denies the allegations set forth in paragraph 48 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether "[p]laintiffs and the other Class members all paid money for the Products."

49. Denies the allegations set forth in paragraph 49 of the Complaint, and refers to the packaging and labels for each of the Products for their true, correct, and complete representations and disclosures.

## CLASS ALLEGATIONS

50. States that the allegations set forth in paragraph 50 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

51. States that the allegations set forth in paragraph 51 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

52. States that the allegations set forth in paragraph 52 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

53. States that the allegations set forth in paragraph 53 of the Complaint consist of argument to which no response is required, but to the extent any response is necessary, denies the allegations.

54. States that the allegations set forth in paragraph 54 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

55. States that the allegations set forth in paragraph 55 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

56. States that the allegations set forth in paragraph 56 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

57. States that the allegations set forth in paragraph 57 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

58. States that the allegations set forth in paragraph 58 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

59. States that the allegations set forth in paragraph 59 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

60. States that the allegations set forth in paragraph 60 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

61. States that the allegations set forth in paragraph 61 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

62. States that the allegations set forth in paragraph 62 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

63. In response to the allegations set forth in paragraph 63 of the Complaint, repeats and realleges its response in paragraphs 1 through 62 of this Answer as though fully set forth herein.

64. Denies the allegations set forth in paragraph 64 of the Complaint.

65. Denies the allegations set forth in paragraph 65 of the Complaint.

66. Denies the allegations set forth in paragraph 66 of the Complaint.

67. Denies the allegations set forth in paragraph 67 of the Complaint, except admits that Plaintiff seeks injunctive relief.

68. Denies the allegations set forth in paragraph 68 of the Complaint.

69. Denies the allegations set forth in paragraph 69 of the Complaint.

## SECOND CAUSE OF ACTION

70. In response to the allegations set forth in Paragraph 70 of the Complaint, repeats and realleges its responses in paragraph 1 through 62 of this Answer as though fully set forth herein.

71. Denies the allegations set forth in paragraph 71 of the Complaint.

72. Denies the allegations set forth in paragraph 72 of the Complaint.

73. Denies the allegations set forth in paragraph 73 of the Complaint.

74. Denies the allegations set forth in paragraph 74 of the Complaint.

75. Denies the allegations set forth in paragraph 75 of the Complaint.

76. Denies the allegations set forth in paragraph 76 of the Complaint.

## THIRD CAUSE OF ACTION

77. States that the allegations set forth in Paragraph 77 of the Complaint require no response as the Third Cause of Action has been dismissed.

78. States that the allegations set forth in Paragraph 78 of the Complaint require no response as the Third Cause of Action has been dismissed.

79. States that the allegations set forth in Paragraph 79 of the Complaint require no response as the Third Cause of Action has been dismissed.

80. States that the allegations set forth in Paragraph 80 of the Complaint require no response as the Third Cause of Action has been dismissed.

81. States that the allegations set forth in Paragraph 81 of the Complaint require no response as the Third Cause of Action has been dismissed.

## FOURTH CAUSE OF ACTION

82. In response to the allegations set forth in Paragraph 82 of the Complaint, repeats and realleges its responses in paragraph 1 through 62 of this Answer as though fully set forth herein.

83. Denies the allegations set forth in paragraph 83 of the Complaint.

84. Denies the allegations set forth in paragraph 84 of the Complaint.

85. Denies the allegations set forth in paragraph 85 of the Complaint.

86. Denies the allegations set forth in paragraph 86 of the Complaint.

87. Denies the allegations set forth in paragraph 87 of the Complaint.

88. Denies the allegations set forth in paragraph 88 of the Complaint.

89. Denies the allegations set forth in paragraph 89 of the Complaint.

90. Denies the allegations set forth in paragraph 90 of the Complaint.

91. Denies the allegations set forth in paragraph 91 of the Complaint, except admits that Plaintiff seeks declaratory relief, restitution, disgorgement, injunctive relief, and other relief allowable under California Business and Professions Code section 17535.

92. Denies the allegations set forth in paragraph 92 of the Complaint.

## FIFTH CAUSE OF ACTION

93. In response to the allegations set forth in Paragraph 93 of the Complaint, repeats and realleges its responses in paragraph 1 through 62 of this Answer as though fully set forth herein.

94. Denies the allegations set forth in paragraph 94 of the Complaint.

95. Denies the allegations set forth in paragraph 95 of the Complaint.

KL3 2988007.1

96. States that the allegations set forth in paragraph 96 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

97. Denies the allegations set forth in paragraph 97 of the Complaint.

98. Denies the allegations set forth in paragraph 98 of the Complaint.

99. Denies the allegations set forth in paragraph 99 of the Complaint.

100. Denies the allegations set forth in paragraph 100 of the Complaint.

101. Denies the allegations set forth in paragraph 101 of the Complaint.

102. Denies the allegations set forth in paragraph 102 of the Complaint.

103. Denies the allegations set forth in paragraph 103 of the Complaint.

104. Denies the allegations set forth in paragraph 104 of the Complaint, except admits that Plaintiff seeks declaratory relief, restitution, disgorgement, injunctive relief, and other relief allowable under California Business and Professions Code section 17203.

105. Denies the allegations set forth in paragraph 105 of the Complaint.

## SIXTH CAUSE OF ACTION

106. In response to the allegations set forth in Paragraph 106 of the Complaint, repeats and realleges its responses in paragraph 1 through 62 of this Answer as though fully set forth herein.

107. Denies the allegations set forth in paragraph 107 of the Complaint.

108. Denies the allegations set forth in paragraph 108 of the Complaint, except admits that Plaintiff seeks monetary damages and injunctive relief.

109. With respect to the allegations set forth in paragraph 109 of the Complaint, admits that Defendant agreed not to oppose Ms. Le's claim for monetary damages on the ground that

Ms. Le had not complied with the notice requirements of the California Civil Code section 1782 and that Defendant reserved the right to oppose Ms. Le's claim for monetary damages under the CLRA on all other grounds.

110. States that the allegations set forth in paragraph 110 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Complaint. Additionally, the allegations set forth in paragraph 111 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, Defendant denies the allegations.

112. Denies the allegations set forth in paragraph 112 of the Complaint.

113. States that the allegations set forth in paragraph 113 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

114. Denies the allegations set forth in paragraph 114 of the Complaint.

115. Denies the allegations set forth in paragraph 115 of the Complaint.

116. Denies the allegations set forth in paragraph 116 of the Complaint.

117. Denies the allegations set forth in paragraph 117 of the Complaint.

118. Denies the allegations set forth in paragraph 118 of the Complaint.

119. Denies the allegations set forth in paragraph 119 of the Complaint.

120. Denies the allegations set forth in paragraph 120 of the Complaint, except admits that Plaintiff seeks compensatory damages, punitive damages, and restitution.

121. Denies the allegations set forth in paragraph 121 of the Complaint, except admits that Plaintiff seeks injunctive relief.

122. Denies the allegations set forth in paragraph 122 of the Complaint.

## SEVENTH CAUSE OF ACTION

123. In response to the allegations set forth in Paragraph 123 of the Complaint, repeats and realleges its responses in paragraph 1 through 62 of this Answer as though fully set forth herein.

124. Denies the allegations set forth in paragraph 124 of the Complaint.

125. Denies the allegations set forth in paragraph 125 of the Complaint.

126. Denies the allegations set forth in paragraph 126 of the Complaint.

127. Denies the allegations set forth in paragraph 127 of the Complaint.

128. Denies the allegations set forth in paragraph 128 of the Complaint.

129. Denies the allegations set forth in paragraph 129 of the Complaint

## EIGHTH CAUSE OF ACTION

130. In response to the allegations set forth in Paragraph 130 of the Complaint, repeats and realleges its responses in paragraph 1 through 62 of this Answer as though fully set forth herein.

131. Denies the allegations set forth in paragraph 131 of the Complaint.

132. States that the allegations set forth in paragraph 132 of the Complaint assert a legal conclusion as to which no response is required, but to the extent any response is necessary, denies the allegations.

133. Denies the allegations set forth in paragraph 133 of the Complaint.

134. Denies the allegations set forth in paragraph 134 of the Complaint.

KL3 2988007.1

135. Denies the allegations set forth in paragraph 135 of the Complaint.

136. Denies the allegations set forth in paragraph 136 of the Complaint.

137. Denies the allegations set forth in paragraph 137 of the Complaint.

138. Denies the allegations set forth in paragraph 138 of the Complaint, except admits that Plaintiff seeks declaratory relief, injunctive relief, actual damages plus attorney's fees and court costs, and other relief allowable under the Florida Deceptive and Unfair Trade Practices Act.

139. Denies the allegations set forth in paragraph 139 of the Complaint.

## NINTH CAUSE OF ACTION

140. In response to the allegations set forth in Paragraph 140 of the Complaint, repeats and realleges its responses in paragraph 1 through 62 of this Answer as though fully set forth herein.

141. Denies the allegations set forth in paragraph 141 of the Complaint.

142. Denies the allegations set forth in paragraph 142 of the Complaint.

143. Denies the allegations set forth in paragraph 143 of the Complaint.

144. Denies the allegations set forth in paragraph 144 of the Complaint.

145. Denies the allegations set forth in paragraph 145 of the Complaint.

146. Denies the allegations set forth in paragraph 146 of the Complaint.

## AFFIRMATIVE DEFENSES

J&JCC sets forth below its affirmative defenses. By setting forth these affirmative defenses, J&JCC does not assume the burden of proving any fact, issue or element of a cause of action where such burden properly belongs to the plaintiffs or the class members. J&JCC

reserves the right to raise additional affirmative defenses as may be established during discovery and by the evidence in this case.

### First Affirmative Defense

(Failure to State a Claim)

147. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

(Lack of Standing)

148. Plaintiffs lack standing to assert the claims herein, in whole or in part, or to act as a Class Representative.

### Third Affirmative Defense

(Laches)

149. Plaintiffs and the putative classes are barred, in whole or in part, from recovery by the doctrine of laches.

### Fourth Affirmative Defense

(Statutes of Limitations)

150. The claims of plaintiffs and the putative classes are barred, in whole or in part, by the applicable statutes of limitations.

### Fifth Affirmative Defense

(First Amendment)

151. The claims of plaintiffs and the putative classes are barred, in whole or in part, by the First Amendment of the United States Constitution, and similar provisions in the Constitutions of the States of New York, California, and Florida, which protect, among other things, J&JCC's right to promote and advertise its products.

<u>Sixth Affirmative Defense</u>

(Safe Harbor)

152. The Complaint is barred, in whole or in part, because J&JCC's business practices are not unfair, unlawful or likely to mislead because its conduct falls within a safe harbor created by law.

<u>Seventh Affirmative Defense</u>

(Good Faith/Reasonable Belief as to Accuracy and Validity)

153. The Complaint is barred, in whole or in part, because any representations or statements alleged to have been made by J&JCC were true and accurate at the time made and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy and with reasonable belief that all of J&JCC's conduct was lawful.

<u>Eighth Affirmative Defense</u>

(Due Process)

154. The Complaint, and the certification of the proposed classes, is barred, in whole or in part, by the Due Process Clauses of the Constitutions of the United States and the States of New York, California, and Florida.

<u>Ninth Affirmative Defense</u>

(Preemption/Primary Jurisdiction)

155. The Complaint is barred, in whole or in part, by the doctrines of federal preemption or primary jurisdiction.

KL3 2988007.1

WHEREFORE, J&JCC prays that the request to certify the classes be denied, and that the Court enter judgment in favor of J&JCC as follows:

(i) Dismissing the Complaint with prejudice;

(ii) For J&JCC's reasonable attorney's fees;

(iii) For J&JCC's reasonable costs and expenses incurred in defending against this action; and

(iv) For such other and further relief as the Court deems just and proper.

Dated: September 18, 2014

        By: /s/Harold P. Weinberger
        Harold P. Weinberger

        Harold P. Weinberger
        Eileen M. Patt
        Rachel L. Feinberg
        Kramer Levin Naftalis & Frankel LLP
        1177 Avenue of the Americas
        New York, NY 10036
        Telephone: (212) 715-9216
        Facsimile: (212) 715-8132

        Attorneys for Defendant, JOHNSON &
        JOHNSON CONSUMER COMPANIES