USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/13/2017

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GOLDEMBERG, ANNIE LE, and HOWARD PETLACK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Defendant. | Case No.: 7:13-cv-03073-NSR-LMS<br><br>Hon. Nelson S. Román |

## AMENDED [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Plaintiffs in this action Michael Goldemberg, Annie Le, and Howard Petlack, and Defendant, Johnson & Johnson Consumer Companies, Inc. have entered into a Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") after substantial motion practice, discovery, and lengthy arms-length settlement discussions;

AND, WHEREAS, the Court has received and considered the Agreement, including the accompanying exhibits, and the record in this Action;

AND, WHEREAS, the Plaintiffs have made an unopposed application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Settlement Agreement;

AND, WHEREAS, the Court has reviewed the Plaintiffs' application and the supporting memorandum for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

{00285205s}

1

## The Class Is Preliminarily Certified

1. If not otherwise defined herein, all capitalized terms have the same meanings as set forth in the Agreement.

2. Pursuant to Federal Rule of Civil Procedure 23(e), the Court certifies for the sole purpose of consummating the settlement of the Action in accordance with the Agreement the following Class: all persons who purchased the Covered Products (as defined in the Settlement Agreement), including those listed on the attached Exhibit A within the United States, including the District of Columbia and all U.S. territories, including Puerto Rico, Guam, and the U.S. Virgin Islands during the Class Period. Excluded from the Settlement Class are: (i) current and former officers and directors of Defendant; (ii) members of the immediate families of the officers and directors of Defendant; (iii) Defendant's legal representatives, heirs, successors, or assigns, and any entity in which they have or have had a controlling interest; and (iv) the judicial officer to whom this lawsuit is assigned.

3. This certification of the Class is made for the sole purpose of consummating the settlement of the Action in accordance with the Settlement Agreement. If the Court's grant of final approval does not become final for any reason whatsoever, or if it is modified in any material respect, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Class Representatives or anyone else to seek class certification in this or any other matter.

4. The Class meets all requirements of Federal Rule of Civil Procedure 23 (a) and (b) for certification of the class claims alleged in the operative Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the Class Representatives and Class Counsel; (e) predominance of common questions of fact and law; (f) superiority; and (g)

final injunctive relief is appropriate respecting the class as a whole.

5. Class Counsel and the Class Representatives are found to be adequate representatives of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court appoints D. Greg Blankinship, Todd S. Garber, Jeremiah Frei-Pearson, and Kim E. Richman as representatives of the Class. The Court also designates Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and the Richman Law Group, whom the Court finds are experienced and adequate counsel having considered the factors set forth in Rule 23(g)(1), as Lead Class Counsel.

## The Settlement Agreement Is Preliminarily Approved And Final Approval Schedule Set

6. The Court hereby preliminarily approves the Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

7. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Agreement, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Agreement.

8. Pursuant to Federal Rule of Civil Procedure 23(e) the Court will hold a final approval hearing on Oct. 27, 2017, at 10:00 a.m./p.m., in the Courtroom of the Honorable Judge Nelson S. Román, United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 for the following purposes:

    a. determining whether the proposed settlement of the Action on the terms and conditions for the Agreement is fair, reasonable, and adequate and should be approved by the Court;

b. considering the application of Class Counsel for an award of attorneys' fees and expenses as provided for under the Agreement;

c. considering the application for service awards to the Class Representatives as provided for under the Agreement;

d. considering whether the Court should enter the Final Order Approving Settlement;

e. considering whether the release by the Class Members of the Released Claims as set forth in the Agreement and the Final Order should be provided; and

f. ruling upon such other matters as the Court may deem just and appropriate.

9. The Court may adjourn the Final Approval Hearing and later reconvene such hearing.

10. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Class Members who do not enter an appearance will be represented by Class Counsel.

11. The Parties may further modify the Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein.

12. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

13. Opening papers in support of final approval of the Settlement Agreement and any application for attorneys' fees and expenses and/or the Class Representatives' service awards must be filed with the Court and served at least fourteen (14) days prior to the Final Approval Hearing. Reply papers, if any, must be filed and served at least five (5) days prior to the Final Approval Hearing.

### The Court Approves the Form and Method of Class Notice and Notice Plan

14. The Court approves, as to form and content, the Notice Program set forth in Section VII of, and Exhibit 6 to the Agreement and the proposed Long-form Notice and Short-form Notice (collectively the "Class Notice"), which are Exhibits 3 and 4, respectively, to the Agreement on file with this Court.

15. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

16. Pursuant to the Agreement, the Defendant will notify the appropriate federal and state officials of this Settlement Agreement as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

17. The Court approves the designation of Angeion Group, LLC to serve as the Court-appointed Settlement Administrator for the settlement. The Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Agreement and this Order under the direction and supervision of the Court.

18. The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, and Claim Forms that may be downloaded and submitted online or by mail, the Agreement and all exhibits thereto, and such other information as may be of assistance to Class Members or required under the Agreement.

19. The Settlement Administrator is ordered to institute the dissemination of the Class Notice as set forth in the Agreement, no later than 45 days after the Court enters this Preliminary Approval Order, including by publication and internet publication.

20. The costs of the Class Notice, processing of claims, creating and maintaining the Settlement Website, and all other Settlement Administrator and Class Notice expenses shall be paid out of the Settlement Fund in accordance with the applicable provisions of the Agreement.

### Procedure For Class Members To Participate In The Settlement

21. Class Members who wish to claim a settlement award must submit their Claim Form and supporting documentation no later than 100 days after the date first set by the Court for the Final Approval Hearing. Such deadline may be further extended without notice to the Class by Court Order, by agreement between the Parties, or as set forth in the Agreement.

### Procedure for Requesting Exclusion from the Class

22. Any Person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such Person must submit a Request for Exclusion to the Settlement Administrator postmarked or delivered no later than 30 days before the date first set for the Final Approval Hearing (the "Opt-Out Date"), as set forth in the Class Notice.

23. Any Class Member who does not send a signed Request for Exclusion

{00285095}
6

postmarked or delivered on or before the Opt-Out Date will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the settlement, if finally approved by the Court. The written Request for Exclusion must request exclusion from the Class, must be signed by the potential Class Member and include their email and mailing address as well as a statement indicating that the Person desires to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in the Agreement shall have no rights under the Agreement and shall not be bound by the Agreement or the Final Judgment and Order.

24. A list reflecting all Requests for Exclusions shall be filed with the Court by Plaintiff at or before the Final Approval Hearing.

### Procedure for Objecting to the Settlement

25. Any Class Member who desires to object to the proposed settlement, including the requested attorneys' fees and expenses or service awards to the Class Representatives, must timely file with the Clerk of this Court a notice of the objection(s), together with all papers that the Class Member desires to submit to the Court no later than 30 days before the date first set for the Final Approval Hearing (the "Objection Date"). The objection must also be served on Class Counsel and Defendant's counsel no later than the Objection Date. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Class Notice, by the Clerk of the Court, and by Class Counsel and Defendant's counsel. In addition to the filing with this Court, such papers must be sent to each of the following persons:

> Todd S. Garber
> Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
> 445 Hamilton Avenue, Suite 605
> White Plains, NY 10601
> (914) 298-3281

Kim E. Richman
Richman Law Group
81 Prospect Street
Brooklyn, NY 11201
(212) 687-8291

Harold P. Weinberger
Kramer, Levin, Naftalis & Frankel, LLP
1177 Avenue of The Americas
New York, NY 10036
(212) 715-9132

The written objection must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number, and, if represented by counsel, of his/her counsel; (c) a statement that the objector purchased Covered Products during the period of time described in the Settlement Class Definition; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents or evidence upon which the objection is based; (g) the name and case number of all objections to class action settlements made by the objector or his or her counsel in the last five years; and (h) the objector's signature.

26. Any Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Class Members or their attorneys who intend to make an appearance at the Final Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Notice and to Defendant's counsel, and file the notice of appearance with the Court no later than 20 days before the Final Approval Hearing.

27. Any Class Member who fails to comply with the provisions of the preceding paragraphs 25 and 26 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments, including, but not limited to, the Release, in the Action.

28. Pending final determination of whether the settlement should be approved, neither the Class Representatives nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

29. All proceedings in this Action with respect to Defendant are hereby stayed and suspended pending the Final Approval of the Class Settlement, except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class, or this Order.

30. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

IT IS SO ORDERED.

DATED: June 13, 2017

HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK