# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GOLDEMBERG, ANNIE LE, and HOWARD PETLACK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Defendant. | Case No. 7:13-cv-03073-NSR-LMS<br><br>**<u>OBJECTION TO</u>**<br>**<u>CLASS SETTLEMENT</u>** |

    Class member and objector, Ashley Hammack, purchased a Covered Product per her online claim between May 7, 2007 through June 13, 2017. Objector's address is 2813 Lavell, Wichita Falls, Texas 76308 and phone number is 940-867-6380.  I have objected to several class action settlements over the last five years and have not kept records, nor do I remember all of them, so it is not possible to report them all and the same goes for my counsel; however, I recently filed objections in Rapoport-Hecht v. Seventh Generation, Inc., Case No. 7:14-cv-09087-KMK and Wesley Vincent, et. al. v. People Against Dirty, PBC and Method Products, PBC, Case No. 7:16-cv-06936-NSR ("Method"), both in the United States District Court for the Southern District of New York. My appeal in the Method case was handled by my counsel, Vincent v. People Against Dirty, PBC, Case No. 17-2218, in the United States Court of Appeals for the Second Circuit.

    A district court may approve a class action settlement only if the settlement is "fair, reasonable, and adequate." Fed R. Civ. P. 23(e)(2). The district court fulfills both its "duty

to act as a fiduciary who must serve as a guardian of the rights of absent class members and ... the requirement of a searching assessment regarding attorneys' fees that should properly be performed in each case." *In re Bank of Am. Corp. Securities, Derivative, and Employee Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 134 (2d Cir. 2014) citing *McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 419 (2d Cir. 2010).

The Notice plan is unavailable for the vast majority of class members to evaluate. The Order Preliminarily Approving the Class Action Settlement indicates that the Notice Plan is part of the Settlement as Exhibit 6. However, the Settlement Agreement available on the class action website, http://www.aveenoactivenaturalssettlement.com/pdf/Joint_Stipulation_of_Settlement.pdf, does not contain Exhibit 6. The exhibits end at Exhibit 5. Thus, unless class members have paid for a PACER account, which is unlikely, class members have no way of evaluating whether the Notice is adequate. The failure to provide this information to the class makes the settlement unfair and unreasonable to class members. Furthermore, the notice plan is defective as it is not the best practicable notice. The most obvious way to reach potential class members is through the Aveeno community email newsletter. https://www.aveeno.com/ancillary/emailsignup.do. It is likely that people who sign up to receive emails from the Defendant are people who buy its product.

Another great way to reach potential class members is to have a link to the settlement class action website on the Aveeno website or through Aveeno social media accounts. Again, people who visit Aveeno pages or social media are people who are likely class members. It is reversible error to not use the best notice under the circumstances. As it stands now, the claims administrator only estimates that 75% of class members will

receive any notice. The percentage should be closer to 95 - 100%. Rule 23(c)(2) of the Federal Rules of Civil Procedure ("FRCP") requires federal courts to "direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The Court must order additional notice to attempt to reach more class members.

The settlement is also unfair and unreasonable for class members because funds will go to a *cy pres* recipient, Rose Foundation for Communities and the Environment, instead of class members. "Because the settlement funds are the property of the class, a *cy pres* distribution to a third party of unclaimed settlement funds is permissible '*only* when it is not feasible to make further distributions to class members' .... except where an additional distribution would provide a windfall to class members with *liquidated*-damages claims that were 100 percent satisfied by the initial distribution." *In re BankAmerica Corp. Securities Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015).

The Class Notice says, "If there is any money remaining in the $6.75 million Settlement Fund after all claims, including any pro rata increase, administrative costs, attorneys' fees and expenses, and incentive payments are paid, the remaining funds shall be called the Residual Settlement Amount. Any checks issued under this Settlement shall be negotiable for at least one hundred and twenty (120) calendar days. Individual checks that have not been negotiated within one hundred and twenty (120) calendar days after issuance, if any, shall be void, and the underlying funds shall become part of the Residual Settlement Amount. The Residual Settlement Amount shall be distributed to the Rose Foundation for Communities and the Environment." This plan for the residual funds is

unfair to class members. The class funds should be distributed to class members until it is infeasible. The Court should order that the Residual Settlement Amount be distributed pro rata to the class members who previously cashed the settlement checks. There should be second and even third distribution to class members and the funds should only go to a cy pres recipient when it is truly infeasible. With the proposed plan for Residual Settlement Amount, the class funds impermissibly go to a cy pres recipient instead of class members.

Furthermore, the proposed cy pres recipient, Rose Foundation for Communities and the Environment, is not the appropriate recipient. "The cy pres doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the "next best" class of beneficiaries. See *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307–08 (9th Cir.1990). Cy pres distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). This organization raises money to award as grants to qualified organizations. See https://rosefdn.org/mission. This organization, though undoubtedly a worthy organization, has nothing to with the nature of the plaintiff's lawsuit, the objectives of the underlying statutes, and the interests of silent class members. The Court has a responsibility to the class to ensure that the class's money is used in connection with class member's interest. By sending it to this organization, the Court is essentially delegating its responsibility to a third party, as this organization

decides who deserves a grant. A more appropriate recipient is a national organization devoted to fighting against false advertising.

Next, Rule 23(h) that motions for attorneys' fees "must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner," so that "[a] class member, or a party from whom payment is sought, may object to the motion." Fed. R. Civ. P. 23(h)(1), (2). This Court has ordered that the application for attorney's fees and expenses must be filed with the Court at least 14 days prior to the Final Approval Hearing. The hearing is to be held on October 27, 2017, so the fee motion must be submitted on or before October 13, 2017, which is well after the objection deadline of September 27, 2017. Rule 23(h) in particular requires Class Counsel to file their fee motion – and direct it to interested class members – well before the time to opt-out or object. The 2003 Advisory Committee Note to Rule 23(h) emphasizes: "In setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." As of September 24, 2017, the fee motion was not posted on the class website.

The Ninth and Seventh Circuits have already evaluated the scenario present and held that it was an abuse of the district court's discretion to not require class counsel to file its motion prior to the objection and opt-out deadline. The Ninth Circuit "requires a district court to set the deadline for objections to counsel's fee request on a date *after* the motion and documents supporting it have been filed." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010) (emphasis in original). The Seventh Circuit followed *Mercury Interactive* in *Redman v. RadioShack Corp.* 768 F.3d 622 (7th Cir. 2014)

and similarly held that Rule 23(h) requires that a claim for attorneys' fees in a class action be made by motion, and "notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Thus, in order to correct this scheduling error, this Court must extend the deadline for objection and opt-outs to a reasonable time after the fee motion is filed.

The settlement is also unfair and unreasonable for class members because the requested attorney's fees amounting to 33% of the total settlement funds is unreasonable under the circumstances. The attorney's fees should be limited to the lodestar or a more reasonable percentage (10-20%) of the settlement fund. One-third of the funds is extremely high for a classic case of a "natural" false advertising case. These lawsuits have become routine, and there is nothing difficult or novel about pursuing them.

Additionally, the fee award should be limited to a percentage of the settlement that it actually received by the class. The money spent on notice or the claims administrator should not be included in this calculation. See *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). "The ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman*, 768 F.3d at 630. The Court should apply this analysis when evaluating the attorney award. The Court should also closely analyze the potential duplicate efforts of counsel and the level of detail provided in the fee motion and adjust the award accordingly.

Finally, the settling parties have artificially burdened the right of objection. "One hallmark of a reasonable settlement agreement is that it makes participation as easy as

possible, whether class members wish to make a claim, opt out, or object." *McClintic v. Lithia Motors*, No. C11-859RAJ, 2012 U.S. Dist. LEXIS 3846, at *17 (W.D. Wash. Jan. 12, 2012). The hurdles imposed on objectors in this Settlement do not appropriately respect class members' Fed. R. Civ. P. 23 rights. Moreover, the Court loses the benefit of valuable adversarial perspectives that objectors can bring to the evaluation of a settlement's fairness. Not only do the hurdles constitute a reason to reject the settlement in this case, they provide an added reason to discredit any argument that the lack of objectors signals the class members' approval of the settlement. The settling parties have added an unnecessary burden to potential objectors.

The unnecessary step that an objector must make include the following:

> (g) the name and case number of all objections to class action settlements made by you and/or your counsel in the past five (5) years.

http://www.aveenoactivenaturalssettlement.com/FAQRetrieve.aspx?ID=57780

There is no justification for requiring objectors to list information about past objections. This information is not helpful for the Court to determine the fairness of the current settlement. Class members should be encouraged to participate in the process, not forced to fill out unnecessary paperwork to have their voices heard. Even more appalling is the amount of information required about the objector's attorney. In literally no other type of case does an attorney have to report its past work as a requirement to participate in the legal process. The arduous process that it takes to become a licensed attorney should be enough.

Furthermore, the task of listing out prior cases in which the attorney has objected implies that objecting to class actions is somehow a bad thing. Seeking to improve class

action settlements should be applauded, not demonized. In every other area of law, having experience in a particular area of law is rewarded, not penalized. Whether an attorney has previously represented an objector is irrelevant to the merit of the objection.

Finally, an objector who has retained counsel must still sign the objection personally. Under Rule 11, the attorney signing the paper is attesting that it is not filed for an improper basis and that there is a basis for the legal and factual contentions therein. See Fed. R. Civ. P. 11(b). Indeed, Rule 11 specifically provides that "unless a rule or statute specifically state otherwise, a pleading need not be verified." See Fed. R. Civ. P. 11(a). This requirement is unnecessary based on counsel's Rule 11 obligations and is unduly burdensome as it places a higher standard on objectors than most parties.

For the foregoing reasons, the Court should deny final approval of the settlement. Neither Objector nor her counsel intend to appear at the fairness hearing.

_____
Ashley Hammack, Objector

Dated: September 27, 2017
       Wichita Falls, Texas

Respectfully submitted,

STEPHEN D. FIELD, P.A.

By: */s/ Stephen D. Field*
STEPHEN D. FIELD, ESQ.
Florida Bar No. 554111
Email: steve@field-law.com
102 E 49th Street
Hialeah, FL 33013
Tel: 305-698-3421
Fax: 305-698-1930
Direct Line: 305-798-1335
*Attorney for Ashley Hammack*
*Motion for Admission Pro Hac Vice Pending*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on September 27, 2017 and served by the same means on all counsel of record.

By: */s/ Stephen D. Field*