IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL GOLDEMBERG, ANNIE LE, )
and HOWARD PETLACK, on behalf of )
themselves and all others similarly )
situated, )
                                                      ) Case No.: 7:13-cv-03073-NSR
    Plaintiffs, )
                                                      )
v. )
                                                      )
JOHNSON & JOHNSON CONSUMER )
COMPANIES, INC., )
                                                      )
    Defendant. )

**OBJECTION OF PAMELA SWEENEY TO PROPOSED
SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR
AT FINAL FAIRNESS HEARING**

NOW COMES, Pro Se Objector, Pamela Sweeney, Pro Se and hereby files these objections to the proposed settlement in this matter.

### I.    PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Pamela Sweeney ("Objector") believes she is a member of the class as defined in that certain Legal Notice of Class Action Settlement which is dated June 21, 2017 (the

"Notice"). Objector's address, email address and telephone number are listed at the conclusion of this objection.

## II. NOTICE OF INTENT TO NOT APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Fairness Hearing presently scheduled for 10:00 a.m. on October 27, 2017 at the United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

## III.   OBJECTOR IS A CLASS MEMBER

After reviewing the Notice, the Objector states that she is a class member with standing to object to the Court's Order for Preliminary Approval of the Settlement by virtue of her purchase of products listed at the settlement website.

## IV. REASONS FOR OBJECTING TO THE PROPOSED SETTLEMENT

### A. The requested Attorney Fees are Excessive

It is inadequate and unfair to award attorney fees in the amount of $ 2.250 million dollars (i.e. 30 percent of the settlement fund is set to be applied to attorneys' fees, leaving $5.5 million to be divided among class members, cost of administration and service awards). 30% is well beyond the typical fee percent granted in the 2nd Circuit and in similar TCPA cases.

The Second Circuit held in, Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000), the court "must weigh "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation ...; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Id.

Recently, New York University School of Law professor Geoffrey Miller and the late Theodore Eisenberg, a professor at Cornell Law School did a study regarding attorney fees in class action cases. Both reports found that federal judges tend to determine

a percentage of the settlement amount, then crosscheck it against the hours that plaintiffs' attorneys spent multiplied by a reasonable hourly rate — called the lodestar. They also found that as the size of the settlement goes up, the percentage of fees that judges award to plaintiffs attorneys goes down. That's particularly true when it comes to the largest class action settlements.

Specifically, the studies found the Second Circuit take on fees in class action matters as follows:

> "The Second Circuit has experience: The Second Circuit handled nearly a third of all the cases, according to the Eisenberg/Miller report. Many are securities class actions. The circuit doesn't have a benchmark, but it did set forth six factors for judges to consider in a 2000 ruling called *Goldberger v. Integrated Resources*. It's the circuit in which a judge is most likely to reject the original fee request made by lawyers. "It's a hard road to convince a district judge in the Second Circuit that your fee request ought to be accepted without question," See article on line *"Class Action Fee Shaped by Circuit Benchmark,* by Amanda Bronstad, published September 12, 2017.

Likewise, in a case in the Southern District of New York, Judge Kevin N. Fox granted final approval of a settlement while reducing the award of attorneys' fees from one-third of the $800,000 settlement fund to **20 percent of the settlement fund**. See *Ortiz v. Chop't Creative Salad Co. LLC* 2015 WL 778072, at *6-20 (S.D.N.Y. Jan. 15, 2015) (emphasis added)

Clearly, Class Counsel is entitled to reasonable fees for their work in this case. However the 30% benchmark is simply too high. Objector believes this Court should follow the *Goldberger* Standard as used in *Ortiz* and resulting in an award of attorney fees of 20% of the fund.

## VI. CONCLUSION

WHERE~~WHIS~~FORE, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Dated: September 24, 2017                Respectfully submitted,

*Pamela Sweeney* Pro Se
Pamela Sweeney, Pro Se
2673 Mutchler Road
Madison, WI 53711
Phone: 424-488-4383
Email: pam.sweeney1@gmail.com

Kim E. Richman
Richman Law Group
81 Prospect Street
Brooklyn, NY 11201


Harold P. Weinberger
Kramer, Levin, Naftalis & Frankel LLP
177 Avenue of the Americas
New York, NY 10036

Sweeney
2622 Unstables Road
Madison, WI 60
53711

Clerk of the Court
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

# FedEx
## Express

RECEIVED SEP 27 2017 U.S.D.C. WP

earthsmart
FedEx carbon-neutral
envelope shipping

RT534  3  15:00  C  0926 .09.27  FZ

ORIGIN ID:LNRA  (424) 488-4383
SWEENY
2672 MUTCHLER RD
MADISON, WI 53711
UNITED STATES US

SHIP DATE: 26SEP17
ACTWGT: 0.20 LB
CAD: 6961629/SSF01802

TO CLERK OF THE COURT – US DIST CRT
SOUTHERN DISTRICT OF NEW YORK
300 QUARROPAS ST

WHITE PLAINS NY 10601

(000) 000-0000

TRK# 7878 6262 0926   0201

XE NESA

WED – 27 SEP 3:00P
STANDARD OVERNIGHT

10601
NY-US SWF

FedEx Express E



**United States District Court**
**Southern District of New York**

*Pro Se Intake Unit*



RECEIVED
SEP 27 2017
NELSON S. ROMÁN
U.S. DISTRICT JUDGE
S.D.N.Y.

**To:**   Hon. NELSON S. ROMÁN
**From:** W. Clark, WP Pro Se Writ Clerk, Ext. 4108
**Date:** September 27, 2017
**Re:**   Goldemberg v. Johnson & Johnson, et al., **13-CV-3073 (NSR)(LMS)**

The attached document, which was received by the Pro Se Intake Unit on September 27, 2017, has been submitted to the Court for filing. The document is deficient as indicated below. Instead of docketing the document for public access, it has been docketed as a court-view only docket entry. I am forwarding it to you for your consideration. *See* Fed. R. Civ. P. 5(d)(2)(B), (4).

☐   No original signature.

☐   No Affirmation of Service/ proof of service.

☒   Other: <u>Third-party letter received pertaining to the case. Please advise.</u>

If you memo-endorse the filing, you do not need to return this memorandum to the Pro Se Intake Unit. Once your memo-endorsement is docketed and filed, all ECF users on the case will be notified.

In the alternative, please return this memorandum with the attached papers to this Unit, indicating at the bottom what action should be taken.

☒   **ACCEPT FOR FILING**

☐   **RETURN TO *PRO SE* LITIGANT**

| Comments: |
|---|
|  |
|  |
|  |
|  |

Dated: Sept. 27, 2017                        _____
                                             United States District / ~~Magistrate~~ Judge

500 PEARL STREET | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

PRO SE INTAKE UNIT: 212-805-0175