# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL GOLDEMBERG,
on behalf of himself
and all others similarly situated,

                    Plaintiff,

      -against-

JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.,

                  Defendant.

Civil Action No. 13-cv-3073-NSR-LMS

**NOTICE DECLARATION OF STEVEN WEISBROT, ESQ.**

## NOTICE DECLARATION OF STEVEN WEISBROT, ESQ.

STEVEN WEISBROT, ESQ., of full age, hereby declares under penalty of perjury as follows:

1.      I am Chief Innovation Office at the class action notice and Settlement Administration firm, Angeion Group, LLC ("Angeion").  I am fully familiar with the facts contained herein based upon my personal knowledge.

2.      I have been responsible in whole or in part for the design and implementation of hundreds of class action administration plans and have taught numerous Accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Class Action Notice Programs, as well as Class Action Claims Administration. Additionally, I am the author of numerous articles on Class Action Notice, Digital Media, Class Action Claims Administration and Notice Design in publications such as *Bloomberg, BNA Class Action Litigation Report*, Law360, the ABA Class Action and Derivative Section Newsletter and private law firm publications.  I have given public comment and written testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, digital media and print publication, in effecting Due Process notice, and I have met with

representatives of the Federal Judicial Center, to discuss the proposed amendments to Rule 23 and suggested educational programs for the judiciary concerning class action notice procedures.

3.      Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants ("KCC"), a nationally recognized class action notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice and I am currently an attorney in good standing in the State of New Jersey and the Commonwealth of Pennsylvania.

4.      I have served as a notice expert in a wide range of class actions including product defect, false advertising, employment, antitrust, banking, insurance, and bankruptcy cases.  Likewise, I have been at the forefront of developing and using digital and social media, as well as big data and advanced targeting as integral components of class action notice programs.

5.      Moreover, I am a certified professional in Digital Media Sales by the Interactive Advertising Bureau (IAB). The IAB certification program is accredited by the American National Standard Institute (ANSI) and is the only globally recognized, accredited, professional certification program created specifically for digital media sales professionals.

6.      Angeion Group is a leading class action notice and claims administration company formed by a team of executives and notice and claims administration professionals who have overseen more than 2,000 class action settlements and distributed over $10 billion to class members. The executive profiles as well as the company overview are available at http://www.angeiongroup.com/meet_the_team.htm

7.      The purpose of this declaration is to provide the Court with a summary and the results of the work performed by Angeion related to the Notice Program for *Goldemberg v. Johnson &*

*Johnson Consumer Companies, Inc.*, Case No. 13-cv-3073-NSR-LMS, pursuant to the Amended Order Preliminarily Approving Class Action Settlement, filed June 13, 2017.

8.      Angeion was retained to, among other tasks, provide notice to Settlement Class Members ("Class Members"), administer the settlement and make payments to Class Members as provided for in the Settlement Agreement.

## SUMMARY OF NOTICE PROGRAM

### INTERNET BANNER NOTICE

9.      In accordance with the Order, on July 14, 2017, Angeion implemented an internet banner notice campaign using a programmatic approach to target potential Class Members with tailored communications.  The internet banner notice was implemented using a 4-week desktop and mobile campaign, utilizing standard Interactive Advertising Bureau ("IAB") sizes (160x600, 300x250, 728x90, 300x600, 320x50 and 300x50). A 3x frequency cap was imposed to maximize reach. The internet campaign implemented multiple targeting layers to ensure that notice was delivered to the persons most likely to be members of the Classes, inclusive of search targeting, demographic targeting, category contextual targeting, keyword contextual targeting, site retargeting, and purchase data targeting. The campaign achieved 99,403,761 impressions, 179,430 clicks, 0.18% click through rate. A true and correct copy of the internet banner notice is attached hereto as Exhibit A.

### PRINT PUBLICATION

10.      In accordance with the Order, on July 14, 2017, Angeion caused the Short Form Notice to be published in *People* magazine. The tear sheet from this publication is attached hereto as Exhibit B.

## REACH AND FREQUENCY

11.     As reported in my previous declaration, the Notice Program was originally designed to deliver an approximate 75.0% net reach with an average frequency of 2.97 times each.[1] However, since Angeion ultimately over-delivered the amount of digital impressions, the actual net reach in this case is 82.26% with an average frequency of 3.08 times each.  The Federal Judicial Center states that a notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide or Judges," at 27 (3d Ed. 2010).

## CASE SPECIFIC WEBSITE AND TOLL-FREE PHONE NUMBER

12.     In accordance with the Order, on July 13, 2017, Angeion established the following website devoted to this Settlement: www.aveenoactivenaturalssettlement.com. This website contains general information about the Settlement, including important dates and deadlines pertinent to this matter, and copies of important documents including the Long Form Notice in English and Spanish, Claim Form, Order Preliminarily Approving Class Action Settlement, Joint Stipulation of Settlement, and Second Amended Class Action Complaint.

13.     The Settlement website also has a "Contact Us" page whereby Class Members can contact Angeion via email to update their address or submit additional questions regarding the Settlement.

---

[1] As I have explained previously, "reach" is generally defined among media professionals as the percentage of people within a target audience exposed to an advertising program. Moreover, the net reach, as reported here, de-duplicates between the various notice mediums that will be utilized. What this means in practice, is that if someone saw the Notice in a print publication, and also saw the notice via an internet advertisement, they would only be counted once, for purposes of reporting the net reach percentage. "Frequency" is generally defined as the average number of times that an average person is exposed to the message within the notice period.

14.     The Settlement website also provides an online claim filing portal whereby Class Members can file claims online.  Class Members can also download a PDF of the Claim Form to complete and submit by mail.

15.     As of October 11, 2017, the settlement website has had 710,242 sessions and 1,712,125 page views.

16.     In accordance with the Order, on July 13, 2017, Angeion established the following toll-free line devoted to this case: 1-855-650-6921.  The toll-free line utilizes an interactive voice response ("IVR") system to provide Class Members with responses to frequently asked questions and information about filing claims and important deadline dates.  The toll-free line is accessible 24 hours a day, 7 days a week. Additionally, Class Members can leave a voice message requesting Settlement documents be mailed to them, or request a return phone call to answer any questions they have. As of October 11, 2017, the toll-free number has received 632 calls, totaling 1,872 minutes. Additionally, 99 messages have been received.

17.     Third party settlement administrators do not typically have access to a corporate defendant's internal channels of communication, such as social media accounts or corporate websites.

## REQUESTS FOR EXCLUSION

18.     The deadline for Class Members to request exclusion from the Settlement was September 27, 2017. There was one timely-submitted request for exclusion. A copy of the request for exclusion is attached hereto as Exhibit C.

## OBJECTIONS TO THE SETTLEMENT

19.     The deadline for Class Members to file an objection to the Settlement was September 27, 2017. There were two timely-submitted objections. Copies of the objections are attached hereto as Exhibit D.

## CLAIMS FILED

20.     The deadline for Class Members to submit Claim Forms is February 4, 2018. As of

October 11, 2017, Angeion has received a total of 196,997 Claim Form submissions. Angeion

will keep the Parties apprised of the number of Claim Form submissions received.  Based on my

experience, this number of claims is excellent compared to similar settlements.

## THE ENTIRE $6.75 FUND WILL BE EXHAUSTED

21.     In light of the above, Angeion preliminarily projects that should the Court approve

Plaintiffs' Motion, the entire $6.75 million settlement fund will be exhausted. Although final claim

numbers and claim administration costs are not yet final, Angeion projects that there will be no Cy

Pres award in this matter, because the entire $6.75 million fund will be exhausted.

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
STEVEN WEISBROT

Dated: October 12, 2017

# Exhibit A

You may be eligible to receive a payment from a class action settlement involving certain **Aveeno Active Naturals Products**. Your rights may be affected.

**Click Here**
for more information.

You may be eligible to receive a payment from a class action settlement involving certain **Aveeno Active Naturals Products**. Your rights may be affected.

**Click Here**
for more information.

You may be eligible to receive a payment from a class action settlement involving certain **Aveeno Active Naturals Products**. Your rights may be affected.

**Click Here** for more information.

You may be eligible to receive a payment from a class action settlement involving certain **Aveeno Active Naturals Products**. Your rights may be affected.

**Click Here** for more information.

You may be eligible to receive a payment from a class action settlement involving certain **Aveeno Active Naturals Products**. Your rights may be affected.

**Click Here** for more information.

You may be eligible to receive a payment from a class action settlement involving certain **Aveeno Active Naturals Products**. Your rights may be affected.

**Click Here** for more information.

# Exhibit B

**LEGAL NOTICE**

**If You Bought Johnson & Johnson Aveeno Active Naturals
Products You May Be Entitled To Cash from A Class Settlement**

www.AveenoActiveNaturalsSettlement.com

*Para una notificación en español, vaya a*
*www.AveenoActiveNaturalsSettlement.com*

A proposed settlement has been reached in a class action lawsuit about the advertising of some of Defendant Johnson & Johnson Consumer Companies, Inc.'s Aveeno Active Naturals products. The plaintiffs in the lawsuit claim that Johnson & Johnson made misstatements about its Active Naturals Products by describing those products in a manner that implied that the products were entirely natural. Johnson & Johnson denies it did anything wrong, defended itself throughout this litigation, and asserts that its advertising is truthful and consistent with the law. The Court has not decided who is right. Both sides have agreed to settle the dispute to avoid burdensome and costly litigation. The settlement is not an admission of wrongdoing.

**Am I a Class Member?** You are a Class Member if you bought at least one of the eligible Johnson & Johnson Aveeno Active Naturals Products within the United States, including the District of Columbia and all U.S. territories, including Puerto Rico, Guam, and the Virgin Islands, from May 7, 2007 through June 13, 2017, for individual or household use and not for resale. Excluded from the Class are (i) current and former officers and directors of Defendant; (ii) members of the immediate families of the officers and directors of Defendant; (iii) Defendant's legal representatives, heirs, successors, or assigns, and any entity in which they have or have had a controlling interest; (iv) the judicial officer to whom this lawsuit is assigned; and (v) any person who files a valid and timely Request for Exclusion. More information about the Aveeno Active Naturals Products involved in the settlement is available at www.AveenoActiveNaturalsSettlement.com or by calling 1-855-650-6921.

**What Can I Get from the Settlement?** A fund of $6.75 million will be created to pay Class Members for a portion of the cost of the Aveeno Active Naturals Products they purchased, for notice and claim administration costs, attorneys' fees and expenses, and incentive payments to the Class Representatives. As part of the consideration for this Settlement, Johnson & Johnson agrees to remove the term "Active Naturals" from the front label of all in-market Covered Products, where applicable, and if the term "Active Naturals" remains on the back or side of the label and if the product is not comprised entirely of naturally-derived ingredients, include language on the back or side of the label that the Covered Products contain both naturally derived and non-naturally derived ingredients.

Settlement Class Members may submit a properly completed Claim Form and be eligible to receive a cash refund of up to $2.50 for each eligible Aveeno Active Naturals Product purchased, for up to 20 Products per household, without any proof of purchase. Settlement Class Members who claim more than 20 Aveeno Active Naturals Products must submit proof(s) of purchase establishing the purchase(s) during the Class Period. These awards may be subject to pro rata upward or downward adjustment depending on the number of claims approved. A detailed Class Notice and copies of the Claim Form are available at www.AveenoActiveNaturalsSettlement.com or by calling 1-855-650-6921.

**What Are My Options?**

1. You can accept the Settlement and remain in the class. **To ask for a cash payment and stay in the Class, you MUST send in a Claim Form by February 4, 2018.** You can obtain a Claim Form by calling 1-855-650-6921, mailing a written request for a Claim Form to: Aveeno Active Naturals Settlement, c/o Settlement Administrator, 1801 Market Street, Suite 660, Philadelphia, PA 19103, to info@AveenoActiveNaturalsSettlement.com, or online at www.AveenoActiveNaturalsSettlement.com. By accepting the Settlement, you give up any claims relating to the labeling, marketing, and advertising of the Aveeno Active Naturals Products.

2. If you do not wish to participate in the settlement, you may exclude yourself from the Class by **September 27, 2017.** If you exclude yourself, you cannot get money from this settlement if it is approved.

3. If you are a Class Member, you may also object to any part of the settlement you don't like by **September 27, 2017,** and the Court will consider your views. Your objection must be timely, in writing and must provide evidence of your membership in the Class.

Procedures for submitting a Claim Form, excluding yourself from the Class, or filing objections to the Settlement are set out in the detailed notice available at www.AveenoActiveNaturalsSettlement.com or by calling 1-855-650-6921. If you do nothing you will be bound by the Court's decisions.

The Court will hold a Final Fairness Hearing at 10:00 a.m. on **October 27, 2017** in White Plains, New York. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and whether to approve the Class Representatives' incentive awards of up to $10,000 each and attorneys' fees and expenses of up to $2.25 million. You may attend the hearing, and you may hire your own lawyer, but you are not required to do either. The Court will consider timely written objections and will listen to people who have made a prior written request to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement.

**What If I Have Questions?** This Notice is just a summary. Detailed notice, as well as the Settlement Agreement and other documents filed in this lawsuit can be found online at www.AveenoActiveNaturalsSettlement.com. For more information, you may contact the Settlement Administrator by telephone at 1-855-650-6921; by mail at Aveeno Active Naturals Settlement, c/o Settlement Administrator, 1801 Market Street, Suite 660, Philadelphia, PA 19103; or by email at info@AveenoActiveNaturalsSettlement.com.

# A DELICIOUS WAY
# TO LOSE WEIGHT!

This all-new cookbook from the expert editors at Cooking Light serves up a variety of recipes and meal plans in an easy-to-use format that makes counting calories simple and tasty.



o Over 150 recipes

o Works with popular diet plans including the Cooking Light Diet

o Menu flexibility allow desserts and drinks

o Shopping guidance and make-ahead tips

o Teaches portion size to help you lose weight and keep it off!

**Available wherever books
and ebooks are sold**



©2017 Time Inc. Books. Cooking Light is a registered trademark of Time Inc., registered in the U.S. and other countries

Exhibit C

# W.A. Johnson, J.D., LL.M

**2428 Hillvale Circle**
**Lithonia, GA 30058**

**September 15, 2017**

<u>**Via Certified Mail**</u>

United States District Court for the Southern District of New York,
300 Quarropas Street,
White Plains, New York 10601

Aveeno Active Naturals Settlement
c/o Settlement Administrator
1801 Market Street, Suite 660
Philadelphia, PA 19103

**RE:** *Opting Out of In re:* **Goldemberg v. Johnson & Johnson Consumer Companies, Inc., 7:13-cv-3073**

Dear Counsels and Class Administrator,

I attest that I **Willis Johnson** reside at **2428 Hillvale Circle Lithonia, GA 30058.** My email address <u>litigation@willjohnsonlaw.com.</u> "I wish to be excluded from the **Goldemberg v. Johnson & Johnson Consumer Companies, Inc., 7:13-cv-3073** "I wish to be excluded from the Class"

I am writing to request that I <u>Willis Johnson</u> be exclude from the cash settlement class in the case of **Goldemberg v. Johnson & Johnson Consumer Companies, Inc., 7:13-cv-3073**) I wish to be exclude this Settlement Class. I request to be excluded from the Claims Class Goldemberg v. Johnson & Johnson Consumer Companies, Inc., 7:13-cv-3073.

I do not wish to get any cash settlement award from this class action settlement in **In re Goldemberg v. Johnson & Johnson Consumer Companies, Inc., 7:13-cv-3073.**

Furthermore, I do not wish to be legally bound by the governing court's final judgment and/or settlement in the class action final approval hearing. Moreover, I wish to file an independent lawsuit against the settling Defendant. It is my position that my rights were violated. I wish to reserve all of my rights under the law.

I do not wish to be represented by class counsel. I do not approve these counsels petitioning the court to receive attorney fees on my behalf.

Please place my name on the court records to identify me as someone that does not want to be bound by the Settlement.

Regards,
Willis Johnson, J.D., LL.M

1 of 1

Willis Johnson
2428 Hillvale Circle
Lithonia, GA 30054

ATLANTA METRO 300
25 SEP 2017 PM 11 L

Aveeno Active Naturals Settlement
c/o Settlement Administrator
1801 Market Street Suite 660
Philadelphia, PA 19103

Exhibit D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MICHAEL GOLDEMBERG, ANNIE LE, and
HOWARD PETLACK, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.,

Defendant.

Case No. 7:13-cv-03073-NSR-LMS

**OBJECTION TO
CLASS SETTLEMENT**

Class member and objector, Ashley Hammack, purchased a Covered Product per her online claim between May 7, 2007 through June 13, 2017. Objector's address is 2813 Lavell, Wichita Falls, Texas 76308 and phone number is 940-867-6380.  I have objected to several class action settlements over the last five years and have not kept records, nor do I remember all of them, so it is not possible to report them all and the same goes for my counsel; however, I recently filed objections in Rapoport-Hecht v. Seventh Generation, Inc., Case No. 7:14-cv-09087-KMK and Wesley Vincent, et. al. v. People Against Dirty, PBC and Method Products, PBC, Case No. 7:16-cv-06936-NSR ("Method"), both in the United States District Court for the Southern District of New York. My appeal in the Method case was handled by my counsel, Vincent v. People Against Dirty, PBC, Case No. 17-2218, in the United States Court of Appeals for the Second Circuit.

A district court may approve a class action settlement only if the settlement is "fair, reasonable, and adequate." Fed R. Civ. P. 23(e)(2). The district court fulfills both its "duty

to act as a fiduciary who must serve as a guardian of the rights of absent class members and ... the requirement of a searching assessment regarding attorneys' fees that should properly be performed in each case." *In re Bank of Am. Corp. Securities, Derivative, and Employee Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 134 (2d Cir. 2014) citing *McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 419 (2d Cir. 2010).

The Notice plan is unavailable for the vast majority of class members to evaluate. The Order Preliminarily Approving the Class Action Settlement indicates that the Notice Plan is part of the Settlement as Exhibit 6. However, the Settlement Agreement available on the class action website, http://www.aveenoactivenaturalssettlement.com/pdf/Joint_Stipulation_of_Settlement.pdf, does not contain Exhibit 6. The exhibits end at Exhibit 5. Thus, unless class members have paid for a PACER account, which is unlikely, class members have no way of evaluating whether the Notice is adequate. The failure to provide this information to the class makes the settlement unfair and unreasonable to class members. Furthermore, the notice plan is defective as it is not the best practicable notice. The most obvious way to reach potential class members is through the Aveeno community email newsletter. https://www.aveeno.com/ancillary/emailsignup.do. It is likely that people who sign up to receive emails from the Defendant are people who buy its product.

Another great way to reach potential class members is to have a link to the settlement class action website on the Aveeno website or through Aveeno social media accounts. Again, people who visit Aveeno pages or social media are people who are likely class members. It is reversible error to not use the best notice under the circumstances. As it stands now, the claims administrator only estimates that 75% of class members will

receive any notice. The percentage should be closer to 95 - 100%. Rule 23(c)(2) of the Federal Rules of Civil Procedure ("FRCP") requires federal courts to "direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The Court must order additional notice to attempt to reach more class members.

The settlement is also unfair and unreasonable for class members because funds will go to a *cy pres* recipient, Rose Foundation for Communities and the Environment, instead of class members. "Because the settlement funds are the property of the class, a *cy pres* distribution to a third party of unclaimed settlement funds is permissible '*only* when it is not feasible to make further distributions to class members' .... except where an additional distribution would provide a windfall to class members with *liquidated*-damages claims that were 100 percent satisfied by the initial distribution." *In re BankAmerica Corp. Securities Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015).

The Class Notice says, "If there is any money remaining in the $6.75 million Settlement Fund after all claims, including any pro rata increase, administrative costs, attorneys' fees and expenses, and incentive payments are paid, the remaining funds shall be called the Residual Settlement Amount. Any checks issued under this Settlement shall be negotiable for at least one hundred and twenty (120) calendar days. Individual checks that have not been negotiated within one hundred and twenty (120) calendar days after issuance, if any, shall be void, and the underlying funds shall become part of the Residual Settlement Amount. The Residual Settlement Amount shall be distributed to the Rose Foundation for Communities and the Environment." This plan for the residual funds is

unfair to class members. The class funds should be distributed to class members until it is infeasible. The Court should order that the Residual Settlement Amount be distributed pro rata to the class members who previously cashed the settlement checks. There should be second and even third distribution to class members and the funds should only go to a cy pres recipient when it is truly infeasible. With the proposed plan for Residual Settlement Amount, the class funds impermissibly go to a cy pres recipient instead of class members.

Furthermore, the proposed cy pres recipient, Rose Foundation for Communities and the Environment, is not the appropriate recipient. "The cy pres doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the "next best" class of beneficiaries. See *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307–08 (9th Cir.1990). Cy pres distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). This organization raises money to award as grants to qualified organizations. See https://rosefdn.org/mission. This organization, though undoubtedly a worthy organization, has nothing to with the nature of the plaintiff's lawsuit, the objectives of the underlying statutes, and the interests of silent class members. The Court has a responsibility to the class to ensure that the class's money is used in connection with class member's interest. By sending it to this organization, the Court is essentially delegating its responsibility to a third party, as this organization

decides who deserves a grant. A more appropriate recipient is a national organization devoted to fighting against false advertising.

Next, Rule 23(h) that motions for attorneys' fees "must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner," so that "[a] class member, or a party from whom payment is sought, may object to the motion." Fed. R. Civ. P. 23(h)(1), (2). This Court has ordered that the application for attorney's fees and expenses must be filed with the Court at least 14 days prior to the Final Approval Hearing. The hearing is to be held on October 27, 2017, so the fee motion must be submitted on or before October 13, 2017, which is well after the objection deadline of September 27, 2017. Rule 23(h) in particular requires Class Counsel to file their fee motion – and direct it to interested class members – well before the time to opt-out or object. The 2003 Advisory Committee Note to Rule 23(h) emphasizes: "In setting the date objections are due, the court should provide sufficient time after the full fee motion is on file to enable potential objectors to examine the motion." As of September 24, 2017, the fee motion was not posted on the class website.

The Ninth and Seventh Circuits have already evaluated the scenario present and held that it was an abuse of the district court's discretion to not require class counsel to file its motion prior to the objection and opt-out deadline. The Ninth Circuit "requires a district court to set the deadline for objections to counsel's fee request on a date *after* the motion and documents supporting it have been filed." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010) (emphasis in original). The Seventh Circuit followed *Mercury Interactive* in *Redman v. RadioShack Corp.* 768 F.3d 622 (7th Cir. 2014)

and similarly held that Rule 23(h) requires that a claim for attorneys' fees in a class action be made by motion, and "notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Thus, in order to correct this scheduling error, this Court must extend the deadline for objection and opt-outs to a reasonable time after the fee motion is filed.

The settlement is also unfair and unreasonable for class members because the requested attorney's fees amounting to 33% of the total settlement funds is unreasonable under the circumstances. The attorney's fees should be limited to the lodestar or a more reasonable percentage (10-20%) of the settlement fund. One-third of the funds is extremely high for a classic case of a "natural" false advertising case. These lawsuits have become routine, and there is nothing difficult or novel about pursuing them.

Additionally, the fee award should be limited to a percentage of the settlement that it actually received by the class. The money spent on notice or the claims administrator should not be included in this calculation. See *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). "The ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman*, 768 F.3d at 630. The Court should apply this analysis when evaluating the attorney award. The Court should also closely analyze the potential duplicate efforts of counsel and the level of detail provided in the fee motion and adjust the award accordingly.

Finally, the settling parties have artificially burdened the right of objection. "One hallmark of a reasonable settlement agreement is that it makes participation as easy as

possible, whether class members wish to make a claim, opt out, or object." *McClintic v. Lithia Motors*, No. C11-859RAJ, 2012 U.S. Dist. LEXIS 3846, at *17 (W.D. Wash. Jan. 12, 2012). The hurdles imposed on objectors in this Settlement do not appropriately respect class members' Fed. R. Civ. P. 23 rights. Moreover, the Court loses the benefit of valuable adversarial perspectives that objectors can bring to the evaluation of a settlement's fairness. Not only do the hurdles constitute a reason to reject the settlement in this case, they provide an added reason to discredit any argument that the lack of objectors signals the class members' approval of the settlement. The settling parties have added an unnecessary burden to potential objectors.

The unnecessary step that an objector must make include the following:

(g) the name and case number of all objections to class action settlements made by you and/or your counsel in the past five (5) years.

http://www.aveenoactivenaturalssettlement.com/FAQRetrieve.aspx?ID=57780

There is no justification for requiring objectors to list information about past objections. This information is not helpful for the Court to determine the fairness of the current settlement. Class members should be encouraged to participate in the process, not forced to fill out unnecessary paperwork to have their voices heard. Even more appalling is the amount of information required about the objector's attorney. In literally no other type of case does an attorney have to report its past work as a requirement to participate in the legal process. The arduous process that it takes to become a licensed attorney should be enough.

Furthermore, the task of listing out prior cases in which the attorney has objected implies that objecting to class actions is somehow a bad thing. Seeking to improve class

action settlements should be applauded, not demonized. In every other area of law, having experience in a particular area of law is rewarded, not penalized. Whether an attorney has previously represented an objector is irrelevant to the merit of the objection.

Finally, an objector who has retained counsel must still sign the objection personally. Under Rule 11, the attorney signing the paper is attesting that it is not filed for an improper basis and that there is a basis for the legal and factual contentions therein. See Fed. R. Civ. P. 11(b). Indeed, Rule 11 specifically provides that "unless a rule or statute specifically state otherwise, a pleading need not be verified." See Fed. R. Civ. P. 11(a). This requirement is unnecessary based on counsel's Rule 11 obligations and is unduly burdensome as it places a higher standard on objectors than most parties.

For the foregoing reasons, the Court should deny final approval of the settlement. Neither Objector nor her counsel intend to appear at the fairness hearing.


_____
Ashley Hammack, Objector

Dated: September 27, 2017
       Wichita Falls, Texas

Respectfully submitted,

STEPHEN D. FIELD, P.A.

By: */s/ Stephen D. Field*

STEPHEN D. FIELD, ESQ.
Florida Bar No. 554111
Email: steve@field-law.com
102 E 49th Street
Hialeah, FL 33013
Tel: 305-698-3421
Fax: 305-698-1930
Direct Line: 305-798-1335
*Attorney for Ashley Hammack*
*Motion for Admission Pro Hac Vice Pending*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF

on September 27, 2017 and served by the same means on all counsel of record.

By: */s/ Stephen D. Field*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL GOLDEMBERG, ANNIE LE,)
and HOWARD PETLACK, on behalf of )
themselves and all others similarly )
situated, )
                        )      Case No.: 7:13-cv-03073-NSR

    Plaintiffs, )

    v. )

JOHNSON & JOHNSON CONSUMER )
COMPANIES, INC., )
                        )

    Defendant. )

RECEIVED
SEP 2 7 2017
U.S.D.C.
WP

## OBJECTION OF PAMELA SWEENEY TO PROPOSED
## SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR
## AT FINAL FAIRNESS HEARING

NOW COMES, Pro Se Objector, Pamela Sweeney, Pro Se and hereby files these objections to the proposed settlement in this matter.

## I.    PROOF OF MEMBERSHIP IN CLASS

Upon information and belief Pamela Sweeney ("Objector")

believes she is a member of the class as defined in that certain Legal

Notice of Class Action Settlement which is dated June 21, 2017 (the

"Notice"). Objector's address, email address and telephone number are listed at the conclusion of this objection.

## II. NOTICE OF INTENT TO NOT APPEAR

Objector hereby gives notice that she does NOT intend to appear at the Fairness Hearing presently scheduled for 10:00 a.m. on October 27, 2017 at the United States District Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

## III. OBJECTOR IS A CLASS MEMBER

After reviewing the Notice, the Objector states that she is a class member with standing to object to the Court's Order for Preliminary Approval of the Settlement by virtue of her purchase of products listed at the settlement website.

## IV. REASONS FOR OBJECTING TO THE PROPOSED SETTLEMENT

### A. The requested Attorney Fees are Excessive

It is inadequate and unfair to award attorney fees in the amount of $ 2.250 million dollars (i.e. 30 percent of the settlement fund is set to be applied to attorneys' fees, leaving $5.5 million to be divided among class members, cost of administration and service awards). 30% is well beyond the typical fee percent granted in the 2nd Circuit and in similar TCPA cases.

The Second Circuit held in, Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000), the court "must weigh "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation ...; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Id.

Recently, New York University School of Law professor Geoffrey Miller and the late Theodore Eisenberg, a professor at Cornell Law School did a study regarding attorney fees in class action cases. Both reports found that federal judges tend to determine

a percentage of the settlement amount, then crosscheck it against the

hours that plaintiffs' attorneys spent multiplied by a reasonable

hourly rate — called the lodestar. They also found that as the size of

the settlement goes up, the percentage of fees that judges award to

plaintiffs attorneys goes down. That's particularly true when it

comes to the largest class action settlements.

Specifically, the studies found the Second Circuit take on fees

in class action matters as follows:

"The Second Circuit has experience: The Second Circuit
handled nearly a third of all the cases, according to the
Eisenberg/Miller report. Many are securities class actions. The
circuit doesn't have a benchmark, but it did set forth six factors
for judges to consider in a 2000 ruling called *Goldberger v.
Integrated Resources*. It's the circuit in which a judge is most
likely to reject the original fee request made by lawyers. "It's a
hard road to convince a district judge in the Second Circuit that
your fee request ought to be accepted without question,"
See article on line "*Class Action Fee Shaped by Circuit
Benchmark,* by Amanda Bronstad, published September 12,
2017.

Likewise, in a case in the Southern District of New York, Judge

Kevin N. Fox granted final approval of a settlement while reducing

the award of attorneys' fees from one-third of the $800,000 settlement

fund to **20 percent of the settlement fund**. See *Ortiz v. Chop't

Creative Salad Co. LLC* 2015 WL 778072, at *6-20 (S.D.N.Y. Jan.

15, 2015) (emphasis added)

Clearly, Class Counsel is entitled to reasonable fees for their

work in this case. However the 30% benchmark is simply too high.

Objector believes this Court should follow the *Goldberger* Standard as

used in *Ortiz* and resulting in an award of attorney fees of 20% of the

fund.

## VI. CONCLUSION

*WHERE*
~~WHISE~~FORE, This Objector, for the foregoing reasons,

respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these

   Objections and to alleviate the inherent unfairness, inadequacies and

   unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for his role in improving the

   Settlement, if applicable.

Dated:    September 24, 2017          Respectfully submitted,

                                      *Pamela Sweeney* Pro Se

                                      Pamela Sweeney, Pro Se
                                      2673 Mutchler Road
                                      Madison, WI 53711
                                      Phone: 424-488-4383
                                      Email:pam.sweeney1@gmail.com

Kim E. Richman
Richman Law Group
81 Prospect Street
Brooklyn, NY 11201


Harold P. Weinberger
Kramer, Levin, Naftalis & Frankel LLP
177 Avenue of the Americas
New York, NY 10036

Sweeney
2612 Winfield Road
MADISON, WISC.
53711

Clerk of the Court
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601





## earthsmart

FedEx carbon-neutral
envelope shipping



RECEIVED

SEP 27 2017

U.S.D.C.
WP

ORIGIN ID:LNRA   (424) 488-4383
SWEENY
2672 MUTCHLER RD

MADISON, WI 53711
UNITED STATES US

TO  CLERK OF THE COURT – US DIST CRT
SOUTHERN DISTRICT OF NEW YORK
300 QUARROPAS ST

WHITE PLAINS NY 10601
(000) 000-0000           REF:

SHIP DATE: 26SEP17
ACTWGT: 0.20 LB
CAD: 6991628/SSF01802



TRK#   7878 6262 0926
0201

WED – 27 SEP 3:00P
STANDARD OVERNIGHT

XE NESA

10601
NY-US  SWF





**United States District Court**
**Southern District of New York**

*Pro Se Intake Unit*



RECEIVED

SEP 27 2017

NELSON S. ROMÁN
U.S. DISTRICT JUDGE
S.D.N.Y.

| | |
|---|---|
| **To:** | Hon. NELSON S. ROMÁN |
| **From:** | W. Clark, WP Pro Se Writ Clerk, Ext. 4108 |
| **Date:** | September 27, 2017 |
| **Re:** | Goldemberg v. Johnson & Johnson, et al., **13-CV-3073 (NSR)(LMS)** |

The attached document, which was received by the Pro Se Intake Unit on September 27, 2017, has been submitted to the Court for filing. The document is deficient as indicated below. Instead of docketing the document for public access, it has been docketed as a court-view only docket entry. I am forwarding it to you for your consideration. *See* Fed. R. Civ. P. 5(d)(2)(B), (4).

☐     No original signature.

☐     No Affirmation of Service/ proof of service.

☒     Other: <u>Third-party letter received pertaining to the case. Please advise.</u>

If you memo-endorse the filing, you do not need to return this memorandum to the Pro Se Intake Unit. Once your memo-endorsement is docketed and filed, all ECF users on the case will be notified.

In the alternative, please return this memorandum with the attached papers to this Unit, indicating at the bottom what action should be taken.

☒     **ACCEPT FOR FILING**

☐     **RETURN TO *PRO SE* LITIGANT**

**Comments:**

Dated: Sept. 27, 2017        _____
                                      United States District / ~~Magistrate~~ Judge