# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL GOLDEMBERG, ANNIE LE, and
HOWARD PETLACK, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

vs.

JOHNSON & JOHNSON CONSUMER
COMPANIES, INC.,

        Defendant.

Case No.: 7:13-cv-03073-NSR-LMS

Hon. Nelson S. Román

## [PROPOSED] ORDER AND JUDGMENT

WHEREAS, this matter came before the Court for hearing on October 27, 2017 (the "Settlement Hearing"), on motion of Plaintiffs in the above-captioned action (the "Action") to, among other things, determine (i) whether the terms and conditions set forth in the Stipulation and Agreement of Settlement dated as of May 23, 2017 (the "Settlement Agreement") and the settlement (the "Settlement") embodied therein, are fair, reasonable, and adequate and should be approved by the Court; (ii) whether a Judgment providing, among other things, for the dismissal with prejudice of the Action against Defendants as provided for in the Settlement Agreement, should be entered; and

WHEREAS, the Court, in its Order entered June 13, 2017 (the "Preliminary Approval Order") directed that a Short-form Notice and a Long-form Notice be provided to the class as set forth in Section VII of, and Exhibit 6 to, the Settlement Agreement; and

WHEREAS, each of the Short-form and Long-form notices (collectively, the "Settlement Notices") advised putative Class Members of (a) the dates for filing (i) a request to exclude themselves from the proposed Class; (ii) any objections to the Settlement, Class


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/1/2017

Counsel's application for an award of Class Counsel Fees, or the Class Representatives' request for a Service Award; and (iii) a Claim Form; and (b) the manner and method of making each such filing or identified where such information could be obtained; and

WHEREAS, the provisions of the Preliminary Approval Order as to notice were complied with; and

WHEREAS, on October 13, 2017, the Class Representatives moved for final approval of the Settlement and for the award of a Service Award, as set forth in the Preliminary Approval Order; and

WHEREAS, on October 13, 2017, Class Counsel moved for an award of Class Counsel Fees, as set forth in the Preliminary Approval Order; and

WHEREAS, the Settlement Hearing was duly held before this Court on October 27, 2017, at which time all interested persons and entities were afforded the opportunity to be heard; and

WHEREAS, this Court has considered all matters submitted to it at the Settlement Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Settlement Agreement is incorporated by reference in this Judgment as though fully set forth herein. All capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2.    The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members and the Settlement Administrator.

3.     Pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Action is hereby finally certified as a class action on behalf of all persons who purchased any of Defendant's Aveeno Active Naturals Products including those listed on the attached Exhibit A within the United States, including the District of Columbia, and all U.S. territories, including Puerto Rico, Guam and the U.S. Virgin Islands, between May 7, 2007 and June 13, 2017.

4.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and (g) Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respective the class as a whole.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, plaintiffs Michael Goldemberg, Annie Le, and Howard Petlack are certified as the Class Representatives and D. Greg Blankinship, Jeremiah Frei-Pearson, and Todd S. Garber of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Kim Richman of the Richman Law Group are certified as Class Counsel.

6. Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. The Court finds also that the appropriate state and federal officials were timely notified of the Settlement Agreement under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715 and that ninety (90) days have passed without comment or objection from any government entity.

8. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement and of their right to exclude themselves from the Class, to submit a Claim Form for a Claim Payment and to object to the Settlement, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Approval Order and the Settlement Notices are bound by this Order and Judgment.

9.     This Court finds that Mr. Willis Johnson timely filed a properly completed written request to exclude himself from the Class, pursuant to the procedures set forth in the Preliminary Approval Order. Accordingly, he is hereby excluded from the Class, shall not be bound by the terms of this Order and Judgment, and shall not be entitled to the receipt of any Claim Payment.

10.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Settlement Agreement and finds that Settlement, including but not limited to the terms of the Settlement Agreement governing the Claim Payments to be paid to Authorized Claimants and the procedures for submission of Claim Forms, the review and determination of the validity of such Claim Forms, and the distribution of Claim Payments to Authorized Claimants, is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members, including the Class Representatives. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties, that it was negotiated with the assistance of an experienced, independent mediator, and that Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

11.     The Court also held a hearing on October 27, 2017, at which time the Parties and Objectors Ashley Hammack and Pamela Sweeney were afforded the opportunity to be heard in support of or in opposition to the Settlement.

12.     The Court has read and considered the written objections of Ms. Hammack and Ms. Sweeney.

13.	Having carefully considered the objections of Ms. Hammack and Ms. Sweeney, the Court overrules their objections on the merits and in their entirety for the following reasons: (i) the propriety of the Notice Plan was a determination solely for the Court to make, (ii) the notice employed was the best practicable under the circumstances, (iii) the proposed *cy pres* process and *cy pres* recipient are reasonable and appropriate, (iv) the Objectors had more than sufficient time to review and object to Class Counsel's fee request, (v) Class Counsel's fee request and method of calculation are in accordance with the law and practice of the Second Circuit, and (v) potential objectors' right to object has not been unduly burdened. In addition, the Court notes that the Objectors are both serial professional objectors to class settlements, raising serious concerns as to the legitimacy of both their arguments and their motives. Indeed, Ms. Hammack recently raised the many of the same objections before courts in the Southern District of New York, including this Court. The courts summarily rejected her objections.

14.	The Action and all claims asserted therein are dismissed with prejudice and without costs, as such costs are identified in 28 U.S.C. § 1920.

15.	Upon the Effective Date, each of the Class Representatives and each Settlement Class Member, on behalf of themselves, and each of their heirs, executors, trustees, administrators, beneficiaries, predecessors, successors, and assigns, and any other person claiming by, through, or on behalf of them, shall be deemed by operation of law (a) to have released, waived, discharged, and dismissed each and every of the Released Claims against the Released Parties, as defined in the Settlement Agreement (b) shall forever be enjoined from commencing, instituting, or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) shall not institute, continue, maintain, or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any

class or any other person, any action, suit, cause of action, claim, or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

16.     Class Counsel are hereby awarded attorneys' fees and expenses ("Class Counsel Fees") of $2,250,000, which sum the Court finds to be fair and reasonable. In making this award, the Court has considered and found that:

(a)     The Class Notice advised that Class Counsel would move for an award of Class Counsel Fees of up to $2,250,000, as to which Defendant would take no position, and no objections were filed against the terms of the proposed Settlement or the ceiling on the award of Class Counsel Fees disclosed in the Class Notice;

(b)     The Action involves complex factual and legal issues, was actively prosecuted, and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(c)     D. Greg Blankinship, Todd S. Garber, and their firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Kim E. Richman of the Richman Law Group skillfully and zealously pursued the Action on behalf of the Class Representatives and the Class;

(d)     The hourly rates charged by Class Counsel are reasonable;

(e)     Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representatives and the Class would recover less or nothing from the Defendant; and

(f)     The amount of the Class Counsel Fees awarded herein is consistent with awards in similar cases.

(g)     Class Counsel shall be responsible for allocating and distributing the Attorneys'
Fees and Expenses award to Plaintiffs' Counsel.

17.     The Court finds that an award to the Class Representatives for their time and
effort in representing the Class in the prosecution of the Action is fair and reasonable, and thus
awards each of the Class Representatives a Service Award in the amount of $10,000.00.

18.     This Order and Judgment, the Settlement Agreement, any of its terms and
provisions, any of the negotiations or proceedings connected with it, and any of the documents or
statements referred to therein:

(a)     shall not be offered or received against Defendant or any other Released Party as
evidence of, or construed as, or deemed to be evidence of any presumption, concession, or
admission by Defendant or Released Parties with respect to the truth of any fact alleged by the
Class Representatives or the validity of any claim that was or could have been asserted against
any Defendant or Released Parties in the Action or in any litigation, or of any liability, fault,
misconduct, or wrongdoing of any kind of any of the Defendant or Released Parties;

(b)     shall not be offered or received against Defendant or Released Parties as evidence
of a presumption, concession, or admission of any liability, fault, misconduct, or wrongdoing by
any Defendant or the Released Parties or against the Class Representatives or any Settlement
Class Members as evidence of any infirmity in the claims of the Class Representatives or the
other Settlement Class Members;

(c)     shall not be offered or received against Defendant or Released Parties, or against
the Class Representatives or any other Settlement Class Members, as evidence of a presumption,
concession, or admission with respect to any liability, fault, misconduct, or wrongdoing of any
kind, or in any way referred to for any other reason as against any Defendant or Released Parties,

in any other civil, criminal, regulatory or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement and this Order and Judgment; provided, however, that Defendant or any of the other Released Parties may refer to this Order and Judgment and the Settlement Agreement to effectuate the protection from liability granted them thereunder;

(d)      shall not be construed against any Defendant or Released Parties, or against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)      shall not be construed against the Class Representatives or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaint or Amended Complaint in this Action would not have exceeded the aggregate of the Claim Payments to which Settlement Class Members are entitled under the terms of this Agreement.

19.      No Settlement Class Member shall have any claim against the Class Representatives, Class Counsel, the Defendant, the Released Parties, the Defendant's Counsel, or the Settlement Administrator based on, arising out of, or related to the amount of the Claim Payment to be paid to Authorized Claimants, the procedures for submission of Claim Forms, the review and determination of the validity of such Claim Forms, and the distribution of Claim Payments to Authorized Claimants that are set forth, made, or effected substantially in accordance with the Settlement Agreement and the Settlement embodied therein or further order of the Court.

20.     The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) the allowance, disallowance, or adjustment of any Approved Claimant's claim challenged in a Johnson & Johnson Consumer Companies, Inc. Objection Application; (c) enforcing and administering this Order and Judgment; (d) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith; and (e) other matters related or ancillary to the foregoing.

21.     In the event that this Order and Judgment does not become Final or the Settlement is terminated pursuant to the terms of the Settlement Agreement, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and shall be vacated to the extent provided by the Settlement Agreement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and the Settling Parties shall be deemed to have reverted to their respective status in the Action immediately prior to May 22, 2017.

22.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

23.     There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED:

Dated: Nov. 1 , 2017

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE